In re Gertsen's Will: Gertsen, Administratrix, Appellant, vs. Clementson, Guardian *ad litem,* Respondent.

*February 27—March 20, 1906.*

*Foreign wills: Probate in Wisconsin: Jurisdiction: Procedure: Statutes: Construction: Counsel fees: County courts: Circuit courts.*

1. Under sec. 3790, Stats. 1898 (providing, as to the probate in Wisconsin of wills theretofore admitted to probate in other states and countries, that if on the hearing it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction and is still in force, the copy and the probate thereof shall be filed and recorded, and the will shall have the same force and effect as if it had been originally proved and allowed in the same court), it is error to refuse probate of a foreign will where there was no controversy as to the foreign probate having been made by a court of competent jurisdiction, and the exemplified copy of the proceedings in the foreign jurisdiction shows them to be regular in every respect.

2. On application under sec. 3790, Stats. 1898, to probate a foreign will, the mere fact that some essentials of a valid original probate in this state are lacking will not authorize the county court to refuse it probate.

3. Under ch. 397, Laws of 1901 (providing, among other things, that any court of record, in contests arising therein, upon ap-plication for the probate of any will, in its discretion, may al-low to the contestant, if successful in the circuit court, a rea-sonable attorney's fee out of said estate for services in such contest in the circuit court), the first court mentioned refers to the one having primary jurisdiction of the probate of wills— the county court—as the one given authority to allow attorney's fees and direct the payment thereof out of the estate.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

Emer Gertsen died testate at her home in Cheyenne county, Nebraska, leaving property there and in Grant county, Wisconsin. She left a husband, who was her sole beneficiary, and two grandchildren, Albert and Charles Ed-wards, who were interested in her estate contingent upon the validity of the will. They were never residents of Nebraska. Proceedings were duly and successfully had in the home state to admit the will to probate, constructive notice only being given to absent interested parties. The minors were not rep-resented by guardian *ad litem* or otherwise. In due time said beneficiary applied for probate of the will in Grant county under sec. 3790, Stats. 1898. All proceedings required there-by, essential to the jurisdiction of the court, were had, in-cluding appointment of a guardian *ad litem* for such minors. On the hearing an exemplified copy of the will and the record admitting it to probate as aforesaid were produced to the court. The application was denied. On appeal to the circuit court the judgment of the county court was affirmed, upon the sole ground that no guardian *ad litem* was appointed to rep-resent the minors in the former proceeding. Judgment was entered accordingly, and that $75 be paid the contestant's at-torneys out of the Emer Gertsen estate.

The cause was submitted for the appellant on the briefs of *Bushnell, Moses & Watkins,* and for the respondent on the brief of *George B. Clementson.*

MARSHALL, J.    The judgment cannot be affirmed without a judicial repeal of sec. 3790, Stats. 1898. That statute is plain; it is constitutional; it is mandatory. All its provisions up to the decision of the court complained of were fully complied with. Then, whereas the statute says "the will shall have the same force and effect as if it had been originally proved and allowed in the same court," the learned court said otherwise, and such is the effect of the judgment before us.

The mistake was made, it seems, by looking to the essentials of a valid original probate of a will in this state, instead of such essentials in Nebraska. The language of the statute is not to the effect that if it appears that the former probate was according to the laws of this state the will shall be admitted in the secondary proceeding with like effect as if they were primary: to the contrary it says:

"If on the hearing it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction, . . . the will shall have the same force and effect as if it had been originally proved and allowed in the same court."

There is no controversy but what the foreign probate was made by a court of competent jurisdiction. The exemplified copy of the proceedings in that regard is regular in every respect and that is not disputed.

We are unable to see any warrant for the award of $75 to the contestant for attorney's fees, and the direction for its payment out of the estate of Emer Gertsen. Respondent's counsel points to ch. 397, Laws of 1901, to sustain that part of the judgment. It seems the learned court gathered an erroneous idea therefrom. It says:

"Any court of record, in contests arising therein, upon application for the probate of any will, in its discretion, may . . . allow to the contestant if successful in the circuit court a reasonable attorney's fee out of said estate for services in such contest in said circuit court."

The first court mentioned refers unmistakably to the one having primary jurisdiction of the probate of wills. It is the court wherein the contest arises, the one of first instance—the county court—that is given authority to allow the attorney's fees and direct the payment thereof out of the estate.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to reverse the judgment or order of the county court, and to render judgment admitting the will to probate, with costs in favor of the proponent, and to remand the matter to the county court with directions to proceed therein according to law.