ESTATE OF MUELLENSCHLADER.

*October 23—November 10, 1908.*

*Wills: Contests over probate: Allowance of counsel fees: Discretion: Review on appeal.*

1. Under ch. 397, Laws of 1901, being sec. 4041*a*, Stats. (Supp. 1906)—providing that any court of record, in contests arising therein, upon application for probate of any will, in its discretion, may allow to the proponent of such will a reasonable attorney's fee, to be paid out of the estate of the decedent, and may also in its discretion allow to the contestant if successful in the circuit court a reasonable attorney's fee out of the estate for services in such contest in said circuit court,—the court having jurisdiction of the probate of a will is vested with a discretion in making an allowance to the proponent in will

contests, and therefore, unless there is an abuse of discretion in that regard, the court's action cannot be disturbed on appeal.

2. On the whole record of a contest over the probate of a will, heard in the county, circuit, and supreme courts, it is *held* that there was no abuse of discretion in disallowing specific items of an executor's account, consisting of counsel fees and disbursements incurred in securing the probate of the will before he had qualified as executor and while he was merely proponent of the will.

[3. Whether sec. 4041a, Stats. (Supp. 1906; Laws of 1901, ch. 397), vests in the county court only power to make such an allowance, and, that court having denied it, its action cannot be disturbed on appeal, not determined.]

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge.  *Affirmed.*

This is an appeal from a judgment affirming a judgment of the county court of Rock county disallowing part of the account of *Charles Treloff* as executor of the will of Herman Muellenschlader.  The items disallowed were for counsel fees and disbursements incurred in securing the probate of the will of the deceased before said *Treloff* had qualified as executor and while he was merely proponent of the will, which will was presented for probate by said *Treloff,* executor named in the will.  The circuit court found substantially as follows: That Herman Muellenschlader died on the 26th day of January, 1904, leaving a will dated the same day; that he left surviving him his widow, *Anna Muellenschlader,* his daughter, *Clara,* aged ten years, and his son, *Herman,* aged seven, his sole heirs at law; that he bequeathed to *Charles Treloff* $2,000, to his daughter and son about $3,000 to be divided equally between them, to his wife and children, in equal shares, the sum of $3,500, stated in said will to be in Weld, Rhine province, Germany, from which bequest nothing has been realized; that to Charles Muellenschlader, his brother, was bequeathed $2,000, stated in said will to be owing from one August Marx, from which bequest nothing has been realized; that the residue of his estate was

bequeathed to his wife and children in equal shares; that no residue remains; that *Charles Treloff* was named as executor and the estate was appraised at $8,019.16; that said *Charles Treloff* presented the will and his petition for probate to the county court of Rock county on the 2d day of February, 1904; that notice of contest was filed by the guardian *ad litem* in behalf of said infant heirs and by the widow in her own behalf; that a hearing upon the issues was had on the 19th day of April, 1904, and judgment entered denying probate of the will; that on the 15th day of June, 1904, said *Charles Treloff* and Charles Muellenschlader each took appeals from said judgment to the circuit court for Rock county; that on the 29th day of February, 1908, said matter was tried in the circuit court before the court and a jury and the jury returned a verdict advisory to the court therein, and thereafter the judge of said court filed findings of fact and conclusions of law adopting the verdict of said jury, and on the 8th day of April, 1905, entered judgment denying said will to probate; that on the 10th day of July, 1905, said *Charles Treloff* took an appeal from said judgment of the circuit court to the supreme court of the state of Wisconsin, and the judgment of the circuit court was reversed and the case remanded with directions to the circuit court to enter judgment admitting the will to probate and for further proceedings according to law [128 Wis. 364]; that, upon such reversal, costs were taxed in said court in favor of said *Charles Treloff* and against the respondents, widow and children of said deceased, in the sum of $130.30, which sum was charged in the final account of said *Treloff* as executor in said county court and allowed to him in said court out of said estate; that upon the filing of the *remittitur* in the circuit court costs were there taxed in favor of said *Treloff* and against the contestants, said widow and children of deceased, in the sum of $220.75, which sum was charged by said *Treloff* in his final account as executor and allowed to him by the

county court out of said estate; that such costs included, among other items, $146.40 for drafting bill of exceptions on said appeal and copies thereof, witness fees for J. F. Pember $3.08, and witness fees for E. F. Woods $3.08; that upon the proceedings in said matter in the county court said *Treloff* appeared by George G. Sutherland, his attorney; that in the final account of said *Treloff* as executor he charged said estate $150 for services and disbursements rendered by said Sutherland, and upon the hearing of said final account said item of $150 was allowed out of said estate, and said item included the witness fees for J. F. Pember and E. F. Woods, witnesses called on behalf of said *Charles Tre- loff* in said will contest in the county court; that William G. Wheeler was employed as attorney for Charles Muellen- schlader upon the trial of said matter in the county court, and that the appeal by said Charles Muellenschlader from the judgment of the county court denying said will to probate was taken by said Charles Muellenschlader by William G. Wheeler, his attorney, and the appeal from said judgment by said *Treloff* was taken by George G. Sutherland and William G. Wheeler, his attorneys; that William G. Wheeler was actually employed by said *Treloff,* the proponent and legatee named in said will and the person named as executor in said will, as his attorney upon the will contest in the county court, circuit court, and supreme court, and in the course of such employment rendered services of the reasonable value of $476.25 and incurred expenses amounting to $11.50; that on the trial of said will contest in the county and circuit courts said *Treloff* called as witnesses J. F. Pember and E. F. Woods, both physicians, to testify as experts relative to the mental competency of the testator at the time of making said will; that the reasonable fee of said Woods is the sum of $5; that the reasonable fee of said Pember for time actually spent as such witness, being two days in circuit court and one-half day in county court, at $15 per day, is $37.50.

As conclusions of law the court found: That there was no abuse of discretion by the county court in refusing to allow said attorney fee of William G. Wheeler and the fees of said E. F. Woods and J. F. Pember as expert witnesses in favor of said *Charles Treloff* in his final account; that the judgment of the county court of Rock county dated December 26, 1907, from which this appeal was taken, should be wholly affirmed, with costs of this court in favor of the widow and children of said deceased against *Charles Treloff*. '

Judgment was entered according to the findings of fact and conclusions of law, from which judgment this appeal is taken.

For the appellant the cause was submitted on the brief of *William G. Wheeler*.

For the respondents there was a brief by *Jeffris, Mouat, Smith & Avery,* attorneys, and *John Cunningham,* guardian *ad litem,* and oral argument by *Mr. M. O. Mouat* and *Mr. Cunningham*.

KERWIN, J. As appears from the statement of facts, *Charles Treloff* as executor charged the estate with $150 for services and disbursements rendered for him as proponent and executor named in the will by George Sutherland, and the sum of $220.75 costs taxed in favor of said executor and against the contestants in the circuit court for Rock county on filing the *remittitur* from this court, and $130.30 costs taxed in the supreme court. All of these sums were allowed against the estate in the final settlement of the executor's account, but the bill of Mr. Wheeler, as well as the expert witnesses' fees, were disallowed, and the appellant claims this was error. On the part of the respondent it is insisted that the exercise of discretion by the county court in disallowing the items is not subject to review on appeal under the rule laid down by this court in *In re Gertsen's Will,* 127 Wis. 602, 106 N. W. 1096, and, even if such discretion be subject

to review, there was no abuse of it in the judgment of the county court. Counsel for respondent makes an extended argument against the power to review the discretion of the county court in the matter before us, and insists that the statute (sec. 4041a, Stats.: Supp. 1906; Laws of 1901, ch. 397) vests in such court only the power to make an allowance, and, that court having denied it, its action cannot be disturbed on appeal. But in the view we take of the case it is not necessary to consider the power on appeal to review the discretion of the county court, because, assuming for the purpose of the argument such power exists, we think it clear upon the established facts that there was no abuse of discretion in disallowing the items. Ch. 397, Laws of 1901, being sec. 4041a, Stats. (Supp. 1906), provides:

"Any court of record, in contests arising therein, upon application for the probate of any will, in its discretion, may allow to the proponent of such will a reasonable attorney's fee, to be paid out of the estate of the decedent, and may also in its discretion allow to the contestant if successful in the circuit court a reasonable attorney's fee out of said estate for services in such contest in said circuit court."

The above statute manifestly vests in the court having jurisdiction of the probate of the will discretion in making an allowance to the proponent in will contests, and therefore, unless there was an abuse of discretion in disallowing the items complained of, the judgment below cannot be disturbed. It is insisted by appellant that the court below found that Mr. Wheeler was employed by the proponent and executor named in the will in the contest, but it will be observed that the court also found that the executor had other counsel, and, moreover, Mr. Wheeler was employed by Charles Muellenschlader, legatee, who appealed separately. It will be observed, further, that Charles Muellenschlader was interested in the will contest, since he was a legatee to the amount of $2,000, and that he and the executor were the only persons interested in sustaining the will. Upon the whole record we

are convinced that there was no abuse of discretion in disallowing the items complained of; therefore the judgment below must be affirmed. *Wolf v. Schæffner,* 51 Wis. 53, 81 N. W. 8; *Marx v. Rowlands,* 59 Wis. 110, 17 N. W. 687; *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786; *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Speiser v. Merchants' Exch. Bank,* 110 Wis. 506, 86 N. W. 243; *McMahon v. Snyder,* 117 Wis. 463, 94 N. W. 351; *Fox v. Martin,* 108 Wis. 99, 84 N. W. 23.

*By the Court.*—The judgment of the court below is affirmed.