In the matter of the ESTATE OF GEORGE SMITH, deceased, ELIZABETH BODDICKER and LENA SEVENNING, Objectors to Executor's Final Report, Appellants.

**Wills:** PROBATE: CONTEST: ATTORNEYS FEES. The expense incurred by an executor for attorney's fees in the probate and contest of a will are not to be treated as debts of the estate, but are chargable primarily against the executor or other person employing the attorneys.

**Same:** EXEMPTIONS: RIGHTS OF WIDOW. The exempt personal property of a decedent should be set apart as exempt to his widow; and the expenses of the last sickness and burial of deceased, together with the allowance made by the court for the maintenance of the widow and minor children during the year for administration, should be paid from the remaining personalty.

**Same:** CONTEST: EXPENSES: LIABILITY OF WIDOW'S SHARE. A widow who has no interest in the estate of her deceased husband, except her statutory one-third thereof, has no such interest in his will as to entitle her to contest its validity; and while compensation for legal services incident to a settlement of the estate, aside from the expenses of a contest, should be included in the expenses of administration, the widow's one-third should not be charged with any part of the expense incurred in contesting the will to which she was not a party and in no manner interested.

**Same:** ATTORNEY'S FEES: LIABILITY OF EXECUTOR. Any contract for the payment of attorney's fees in the probate and contest of a will, made by one simply designated in the will as executor, is to be regarded as his personal obligation, until he has been legally appointed, qualified and the same has been allowed to him upon a judicial settlement of the estate.

**Same:** EXPENSES OF PROBATE. The necessary expenses in determining whether the property of an estate is to be distributed according to the terms of a paper purporting to be the will of deceased, or according to the statutes of descent, are properly chargeable to the

estate; but in case of a contest between beneficiaries the disposition of the costs is not always governed by the above rule.

**Same:** CONTEST: TAXATION OF ATTORNEY'S FEES. The expense for attorney's fees in a will contest should be taxed against the parties primarily benefitted, and usually this will result in charging the expense incurred by proponents against the estate where they are successful. But where some of the beneficiaries are greatly benefitted by establishing the will and those contesting are correspondingly injured, the expense for attorney's fees should not be taxed wholly against the estate.

**Same.** Where the guardian of a divisee of most of the estate joined with the executors, who presented the will for probate, and both were represented by the same attorneys in a contest of the will, the expense of such attorney's services should be taxed against the beneficiaries interest in the estate, as the real party in interest.

*Appeal from Benton District Court.*—HON. C. B. BRADSHAW, Judge.

TUESDAY, APRIL 14, 1914.

OBJECTIONS to the final report of the executors of the estate of George Smith, deceased, interposed by Lena Sevenning and Elizabeth Boddicker, were overruled and they appeal. —*Reversed.*

*Redmond & Stewart,* for appellants.

*Kirkland & White,* for appellees.

LADD, C. J.—The will of George Smith, who died in June, 1909, nominated Jacob Hofferd and Joseph Schulte as executors, and the former employed Kirkland & White to present and procure said will to be admitted to probate. Two daughters of the deceased interposed objections thereto. The widow died a few weeks later, within six months after the testator, without electing to take under the will, and therefore must be held to have taken one-third of the estate. Section 3376, Code. Of the remaining two-thirds, the personalty was

to be divided between the daughters and George Henry Smith, a son of the testator's deceased son, Henry, share and share alike, and the realty was left to the grandson burdened with the requirement that he pay one of the daughters $500 and the other $1,500. Charles Schmidt, a brother of the deceased son's wife, was appointed guardian of George Henry Smith, and filed a petition of intervention joining the proponents in asking that the will be admitted to probate, and he was also appointed special administrator of the estate. On trial a verdict was directed for the proponents, and on appeal the order admitting the will to probate affirmed. *Sevening v. Smith*, 153 Iowa, 639. Thereupon the executors nominated in the will were appointed, and on September 24, 1912, filed their final report, showing that they had realized from the personalty $13,947.47, and had paid out $1,078.92, concerning which there was no dispute, and $2,500 to ''Kirkland & White, attorneys in full of all services in settlement of said estate, including their services in the will contest in this court and in the Supreme Court of the state of Iowa, and in preparing said report,'' and especially prayed that this be allowed and approved. The daughters filed exceptions thereto. First, on the ground that the estate of the widow should not be charged with any of the expenses incurred in the will contest; and, second, that the controversy over the admission of the will to probate was in fact between George Henry Smith and these objectors, with his brothers and sisters, and that, as he acquired all the benefits of the establishment of the will, the attorney's fee should not be paid from the general funds of the estate.

I. The first objection should not have been sustained. It is conceded that one-third of the estate, unaffected by the will, belonged to the widow; her interest in the realty vesting

immediately upon her husband's death and

1. WILLS: probate: contest: attorney's fees. in the personalty upon distribution by the executor. Personal property not necessary to the payment of debts nor otherwise disposed of is to be distributed the same as real property. Section 3362, Code.

Attorney's fees are charges against the executor or other person employing them primarily, and do not constitute debts against the estate, *Clark v. Sayre,* 122 Iowa, 591; *In re Sawyer's Estate,* 124 Iowa, 485.

How may the personalty be "otherwise disposed of" before distribution? Not by the will of the deceased so as to affect the widow's third. Property exempt to deceased as the head of the family is to be set apart

2. SAME: exemptions: rights of widow.

to the widow. Section 3312, Code; *Ward v. Wolf,* 56 Iowa, 465; *Linton v. Crosby,* 61 Iowa, 293. And there is to be paid therefrom the expenses of administration, the charges of the last sickness and funeral of deceased, and the allowance made by the court for the maintenance of the widow and minor children. What remains is to be distributed, and the only question here is whether compensation for the services of proponents' attorney in contesting a will in which the widow had no interest should be included as a part of the expenses of administration and her share of the personalty charged with its proportionate share thereof.

She was not a party thereto, and had no such interest therein as would have enabled her to contest the validity of the will. *Fallon v. Fallon,* 107 Iowa, 120. Of course, com-

3. SAME: contest: expenses: liability of widow's share.

pensation for legal services incident to the settlement of the estate, aside from this contest, should be included in the expenses of administration, for that such services were for the benefit of the entire estate. But we can perceive no tenable ground for burdening those in no wise interested, in a contest instituted by the daughters and resisted in behalf of the grandson solely for their own advantage. In *Bennett v. Hibbert,* 88 Iowa, 154, the plaintiff, a recognized illegitimate daughter, was not a party to the contest, though a devisee, it being agreed she should take as in the will directed, and though the parties stipulated that the costs and attorney's fees be taxed against the estate, the court concluded that the property

left to her should not be burdened with such expenses, saying: ''We are not able to understand why this plaintiff should be burdened with any part of the cost or expenses of that proceeding. She was not there asking for any benefits, and the pleadings of the contestants preserved to her all that the will intended for her. She was not a party to the stipulation upon which the costs were taxed. With such a situation the stipulation upon which the costs were taxed should affect only the parties to it, and the record would not justify a judgment burdening her interest in the estate with costs, to the making of which she was in no way a party, nor in any sense, responsible.'' See, also, *Swift v. Flynn,* 145 Iowa, 631.

To burden the widow's share with expenses incurred, not for the benefit of the entire estate in which she had some interest, but for the sole advantage and in the interest of others, would be contrary to the spirit of fairness which always ought to obtain in dealing with and distributing the property of deceased persons in this state. No part of the expenses of the contest should be deducted from the widow's share. See *Yerke's Appeal,* 99 Pa. 401.

II. It will be observed that Hofferd, when he employed the attorneys, was not the executor of the estate, but had merely been nominated as such in the paper purporting to

4. Same: attorney's fees; liability of executor.

be the last will of the deceased. He had no pecuniary interest in the estate, and undoubtedly acted in entire good faith in what he did. But it should be borne in mind that, until admitted to probate, such paper cannot be accorded the force of a will, nor can the person nominated be regarded as the representative of the deceased. Such person may rest under a moral obligation, especially if he desires to qualify, to offer the putative will for probate, but certainly, in the absence of the statute, he owes no imperative duty so to do. Even if he does present the instrument for probate, he has before him two alternatives, either of which he may adopt, he may cast the burden of the contest upon those who are to be benefited by the pro-

bate of the paper, or he may assume the burden himself.   If
the latter course is taken, he must be deemed to have done so
with the knowledge that even a *de jure* executor cannot bind
the estate by a contract of his own making, and that any lia-
bility which he incurs or expenditures which he makes un-
der such contract is regarded as his personal obligation until
it has been allowed to him upon the judicial settlement of his
accounts.   If one who is actually an executor under a valid
will cannot bind the estate by his executory contracts, on
what theory can it be done by one who assumes to act under a
paper not admitted to probate?  *Dodd v. Anderson*, 197 N. Y.
466  (90 N. E. 1137, 27 L. R. A. [N. S.] 336, 18 Ann. Cas.
738) ; *Royer's Appeal*, 13 Pa. 569.

In this state the person having custody of the will is
bound, upon being informed of the death of the testator, to
file the same with the clerk.   Section 3238, Code.   And the
clerk upon opening the will and reading the
5. SAME: expenses
   of probate.      same is required to fix a date for approving
it.   Section 3283, Code.   This necessarily involves certain
costs in determining whether the property of the deceased
should be distributed according to the terms of the paper
purporting to be the will of the deceased, or descent in accord-
ance with the statutes of the state, and are properly chargeable
against the estate. *Meeker v. Meeker*, 74 Iowa, 352; *Perkins v.
Perkins*, 116 Iowa, 253.  Where the contest is between bene-
ficiaries, however, the rule varies somewhat. *Allen v. Seaward*,
86 Iowa, 718; *Lingle v. Lingle*, 121 Iowa, 133; *Kirsher v.
Kirsher*, 120 Iowa, 337.  Though another reason is given in
*Meeker v. Meeker, supra,* these statutes seem to furnish true
ground for taxing such costs against the estate of the deceased
in event the intent to probate the will is unsuccessful.   There
is a sharp conflict in the authorities as to whether counsel fees
for services rendered in undertaking to establish a will where
the effort is unsuccessful may be allowed a person nominated
in the will as executor.   The decisions holding that such fees
should be allowed proceed on the theory that one who in good

faith offers for probate a paper purporting to be a will acts for the benefit of the estate, and thereby becomes legally entitled to reimbursement of reasonable expenses necessarily incurred. *Lassiter v. Travis,* 98 Tenn. 330 (39 S. W. 226); *Hazard v. Engs,* 14 R. I. 5; *Henderson v. Simmons,* 33 Ala. 291 (70 Am. Dec. 590); *Tuohy v. Hanlon,* 118 App. D. C. 225.

On the other hand, it is said that this theory is contrary to certain elementary principles underlying the administration of decedent's estates, which may be stated in the form of legal sophisms: ''(1) There can be no executor where there is no' will. (2) Unless a will is admitted to probate, there can be no letters testamentary. (3) Until letters testamentary or of administration are issued upon the estate of a decedent, there is no legal representative of the estate. (4) Although a person is nominated as executor in a paper purporting to be a will, he is under no legal obligations to accept. As a will is the only source of an executor's power, the letters testamentary are the only evidence of his authority, it must follow that, when the former is never established and the latter are never issued, he who assumes to act as executor is merely a volunteer, who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction.'' *Dodd v. Anderson, supra; Re Olmstead,* 120 Cal. 447 (52 Pac. 804); *Re Hite,* 155 Cal. 448 (101 Pac. 448); *Brown v. Eggleston,* 53 Conn. 110 (2 Atl. 321); *Tilghman v. France,* 99 Md. 611 (59 Atl. 277), the rule there being different, where the will has been proven and the executor resists the vacation of the admission to probate; *Andrews v. Andrews' Administrators,* 7 Ohio St. 143; *Kelly v. Davis,* 37 Miss. 76. In the last case, the reasons for this conclusion are forcibly stated:

In such a case the litigation is against the interests of the parties rightfully entitled; and the question is whether such parties should pay the expenses of a litigation against their interest, and in which they have been successful. We can perceive no principle of justice or rule of judicial pro-

ceeding upon which such parties should be so charged. The parties contestant are the executor and legatees, seeking to establish the will, on the one side, and the heirs at law and distributees, on the other; the affirmation of the issue being upon the former. To allow the party failing to maintain his suit his costs and expenses against the adverse party, who was without fault, and had merely defended his just right against an unjust and unlawful claim asserted against it, would be unknown to judicial procedure. The result of the litigation establishes that he has but defended his lawful right against an unjust claim asserted against it; and yet, under the rule contended for, he is compelled to pay, not only his own expenses for counsel fees and otherwise, but those of his adversary incurred in an effort to deprive him of his rights. Such a rule would be most unjust and oppressive, and the effect of it would be that frequently, though the heir or distributee succeeds in establishing his right, he would receive little or no benefit from the estate which belongs to him, because it would be heavily charged, if not entirely absorbed, by charges incurred by the executor in endeavoring to deprive him of it entirely. Such a rule would tend to deter heirs and distributees from contesting illegal and unjust wills; for their own expenses in the litigation, which are generally onerous in such cases, they would have to pay at all events; and, if successful, their property would be charged with all the expenses of the adverse party.

The decisions have been somewhat influenced by statute, as will appear from the annotations of some of the cited cases. See also, *In re Estate of Hentges,* 86 Neb. 75 (124 N. W. 929, 26 L. R. A. [N. S.] 757) and note in which decisions are collected.

Some of the cases proceed as though the paper purporting to be a will were in fact such and the person named as executor therein already appointed and this is the key to the conclusions reached.

As noted in *Winters v. Winters,* 102 Iowa, 53, the paper purporting to be the will is not such until admitted to probate, nor can the person named as executor be treated as such until his nomination has been approved by the courts. As

said in *Burlington Protestant Hospital Association v. Gerlinger,* 111 Iowa, 293:

The appointment of an executor may, for certain causes, be rejected, and another substituted by the court. Possibly, the party nominated in the will may, before its probate, assume care of the estate when necessary for its protection and preservation. *People v. Barker,* 150 N. Y. 54 (44 N. E. 785). But, beyond this, his authority is derived from the court and his qualification. In *Schoenberger's Ex'r v. Institution,* 28 Pa. 465, it was said: 'At death a man's estate really passes into the hands of the law for administration, as much when he dies testate as when intestate, except that in the former case he fixes the law of its distribution after payment of debts, and usually appoints the persons who are to execute his will. But even this appointment is only provisional, and requires to be approved by the law before it is complete; and therefore the title to the office of executor is derived rather from the law than from the will.' Naming a person as executor does not, as at common law, make him executor in fact upon the testator's death, but ordinarily gives him the right only to become such by compliance with the provisions of the statute. (See, also, *In re Estate of Van Vleck,* 123 Iowa, 89).

Whether a person who has been nominated as an executor may be allowed expenses incurred for the services of an attorney in an unsuccessful attempt to probate the will nominating him is not necessarily involved in this case, and the matter has been discussed in response to argument, and to indicate the status of the person nominated executor prior to the issuance of letters testamentary, and the theory on which the allowance of attorney fees should rest. Where the proponents have been successful, the claim of the executors for amounts expended for the services of the attorney in defending the will stands on a different basis, for in such a case the beneficiaries under the will share the benefit derived from the expenses reasonably incurred in its establishment. Even then, however, it is not the universal rule to tax the entire expense to the estate, for frequently the contest is between

beneficiaries under the will who are dissatisfied with the portions left them by such instrument and by contesting it some of these seek to establish a more beneficial interest in the estate under the law of descent. Usually the contest in such a case is between the heirs on the one hand and the legatees and devisees on the other, and the decided tendency of the more recent decisions, at least, is to allow those on each side to meet the expenses incurred by them for counsel, especially if this may be done without injustice to those nominated as executors. *In re Estate of Berry,* 154 Iowa, 301. The person nominated as executor in the will contested its admission of the will to probate, and the widow of decedent, who derived some advantage thereunder, became proponent, and after trial the will was admitted to probate. Proponent asked that the executors subsequently appointed be required to reimburse her out of the estate the expenses incurred for the services of an attorney, and it was decided that, inasmuch as it was primarily a contest between persons individually interested, the court rightly refused to allow the same.

In *Kirsher v. Kirsher,* 120 Iowa, 337, it was said that: "If each party pays its own attorneys, the matter is equalized and neither will suffer in the final distribution of the estate." The same rule was recognized *In re Muellenschlader's Estate,* 137 Wis. 32 (118 N. W. 209); *In re Creighton's Estate,* 76 Neb. 625 (107 N. W. 979, 110 N. W. 626); *McCormick v. Elsea Estate,* 107 Va. 472 (59 N. E. 411).

The expenses for attorney's fees should be borne by those for whose benefit these are incurred. Ordinarily the devolution of the property is so directed by will that this will be accomplished by charging expenses of proponents when successful against the estate. Sometimes this is not so, and when, as here, some taking under the will are greatly benefited by its admission to probate, and this is to the disadvantage of others who have contested such admission, there is no tenable ground on which to base the assessment of the expenses en-

6. Same: contest: taxation of attorney's fees.

tirely against the estate, and thereby, in addition to those incurred by contestants, add a portion of the expenses of their adversaries to the burden they must bear. There may be cases where this cannot be avoided without denying the protection due to the nominee of the testator as executor, who has proven himself justified in upholding the instrument as a valid will, but this will not often occur.

More frequently will the designated executor be found championing those who are benefited by the will and being used as an instrument in its establishment at the expense of the estate. The record leaves no doubt 7. SAME. of the good faith of the executors in what they did, but the guardian of the devisee of the bulk of the estate by way of intervention joined them as proponent and was represented in the contest by the same attorneys. ⸴ As the establishment of the will was for the sole benefit of the ward, we can perceive no reason for not making this expense a charge against his portion of the estate. In principle the case is like *Kirsher v. Kirsher* and *In re Berry's Estate*, except that here the executors were joined with the beneficiary, but this ought not to relieve the latter from meeting the expenses involved in the protection of his interests. Through the guardian the ward was represented by these attorneys. He rightly participated in upholding the will and in being represented by counsel and having so done, and, this being for the sole advantage of the ward, the testator's nominees for appointment as executors should be regarded as nominal parties in said contest and the guardian as the real party required to bear the expenses from the estate of his ward. See *In re Estate of Soulard*, 141 Mo. 643 (43 S. W. 617) ; 2 Woemer's Law of Administration, 1149. We are of opinion that the expenses of counsel in all save for service in the will contest should be paid as part of the expenses of the estate, and that those incurred therein should have been paid by the guardian. As the executors appear to have paid the attorney's fees, however, the guardian may be brought in,

and, on hearing, reasonable compensation for their services rendered in the will contest, deducted from the share of the personalty otherwise to be distributed to the ward. The cause is remanded for disposition not inconsistent with this opinion.—*Reversed*.