GAILEY and another, Appellants, vs. BROWN, Respondent.

*April 2—June 25, 1919.*

*Wills: Revocation by marriage: Foreign judgments: Conclusive-
ness: Courts: Jurisdiction.*

1. Where under the statutes of another state a will is revoked by
   the subsequent marriage of the testator, a judgment or decree
   of a court of competent jurisdiction in that state that the will
   of a person domiciled therein had been so revoked is conclu-
   sive and binding upon the courts of this state, even though
   such will devised real property located in this state and under
   our statutes marriage alone does not operate to revoke a prior
   will.
2. Where in such a case, upon petition of a devisee, the person
   having possession of the alleged will was, while in this state,
   personally served with a citation to produce such will for pro-
   bate in the county court of a county in this state wherein some
   of the real property devised was located, and he appeared in
   such court to show cause why he should not deliver the docu-
   ment, said county court had jurisdiction of his person and of
   the subject matter.

APPEAL from an order of the circuit court for Portage
county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is a proceeding to compel *Edward W. Brown* to pro-
duce, for the purpose of probate, a will of Byron S. Gailey,
deceased.

Byron S. Gailey, a practicing physician of Jacksonville,
Illinois, died November 8, 1916. At the time of his death
he owned 320 acres of land in Portage county, and an inter-
est in 200 acres of land in Waupaca county, in this state. On
July 14, 1914, he had executed a will which was signed by
him that day in the presence of *Edward W. Brown,* who re-
tained possession of the document, and another as witnesses.
This will devised and bequeathed his entire property, share
and share alike, to his mother, Mary E. Gailey, his sister,
*Rowena Gailey,* and three brothers, Dr. Darwin S. Gailey,
Dr. Watson W. Gailey, and Eugene P. Gailey, and directed
the executor to sell all real estate wherever located and em-

powered the executor to execute and deliver instruments of title.

On June 22, 1916, Byron S. Gailey married Bess Brown Smith, who survives him as his widow. On November 11th, three days after the death of her husband, Mrs. Gailey made petition to the county court of Morgan county, Illinois, for administration of his estate as an intestate estate. The petition was filed on the same day and an order was made appointing the respondent, *Edward W. Brown,* as administrator. A month later the brother, Eugene P. Gailey, learned of the will of Byron S. Gailey, and without knowing its contents the Gailey family decided to contest the administration of the estate of Byron S. Gailey as an intestate estate. On June 9, 1917, Eugene P. Gailey filed a petition in the county court of Morgan county, Illinois, praying for an attachment or citation to compel *Mr. Brown* to produce the will of Byron S. Gailey in the county court. In his answer *Mr. Brown* set forth the fact of the marriage of Byron S. Gailey on June 22, 1916, and that he, *Brown,* had no will in his possession executed after that time. He admitted that he had an instrument made and published by Byron S. Gailey on July 14, 1914, but sets forth the provision of the statute of the state of Illinois which provides that a subsequent marriage revokes a will. The will was not filed in response to the petition, and the petition was dismissed by the county court. The petitioner asked for an appeal to the circuit court of Morgan county, but no appeal was ever actually taken.

The respondent, *Edward W. Brown,* was in Waupaca county, Wisconsin, in July, 1917, and, there being real estate owned by the deceased in Portage county, Eugene P. Gailey made petition to the county court of Portage county for a citation to compel *Mr. Brown* to produce the will for probate in Portage county. While this proceeding was still pending in the county court of Portage county, Dr. Darwin S. Gailey, a brother of the deceased and of Eugene P. Gailey, peti-

tioned the county court to be made a party petitioner, and upon proceedings duly had he was made a party. Eugene P. Gailey died before the case was removed to circuit court. Darwin S. Gailey, having been made a party petitioner in the county court, took appeal to the circuit court. The circuit court affirmed the order and judgment of the county court of Portage county refusing to require *Edward W. Brown* to produce the will of Byron S. Gailey. The decision of the circuit court was made and filed October 11, 1918, and the final order was dated October 21, 1918, and entered on October 22, 1918; notice of this order, bearing the date October 24, 1918, being served on appellants' attorneys on October 25, 1918. Darwin S. Gailey, the petitioner, had died intestate on October 20, 1918, after the decision had been made but before the final order was entered.

Upon proceedings had thereafter an order was made by the circuit court on November 25, 1918, making the sister, *Rowena Gailey,* a party petitioner, and reviving the action as to Darwin S. Gailey by substituting his administrator, *U. J. Sinclair,* as a party petitioner.

This appeal from the circuit court is taken by *Rowena Gailey* and *U. J. Sinclair,* administrator of the estate of Darwin S. Gailey, deceased.

For the appellants there was a brief by *Fisher & Cashin* of Stevens Point and *Bellatti, Bellatti & Moriarty* of Jacksonville, Illinois, and oral argument by *W. E. Fisher* and *Paul Moriarty.*

For the respondent the cause was submitted on the brief of *Kreutzer, Bird, Okoneski & Puchner* of Wausau.

The following opinion was filed April 29, 1919:

SIEBECKER, J. This appeal presented the fundamental question whether or not Dr. Byron S. Gailey left a will devising his interest in real estate in Wisconsin. As appears from the foregoing statement, Dr. Gailey was a resident of Jacksonville, Morgan county, Illinois, at the time he executed

a will, July 14, 1914, and continued to reside there to the time of his death. It is without dispute that under the law of Illinois his marriage in June, 1916, operated to revoke this will in the state of Illinois, and that his estate was administered in the court of Illinois as an intestate estate. It also appears in this proceeding that the persons named as devisees in the doctor's alleged will caused proceedings to be commenced in June, 1917, in the county court of Morgan county, Illinois, to compel *Edward W. Brown* to produce this testamentary writing of Dr. Gailey and that such county court adjudged that it had been legally revoked under the law of Illinois by his marriage to Bess Brown Smith subsequent to its execution and that he died intestate. The county court of Portage county, Wisconsin, wherein this proceeding was commenced, held that it had no jurisdiction of the subject matter involved in this proceeding or of the respondent, *Edward W. Brown,* who was personally served in the proceeding, upon the grounds that the county court of Morgan county, Illinois, had in its citation proceedings adjudged that the decedent's marriage after execution of the alleged · will revoked it, and that he died intestate, and that such adjudication must be given full faith and credit and is binding on the courts of this state. It therefore dismissed appellants' petition. On appeal to the circuit court for Portage county that court was of the opinion that the judgment of the Morgan county court was not *res adjudicata* as to these questions and that revocation of the will under the laws of Illinois did not operate to revoke the will under the laws of this state, but that the provisions of the alleged will showed that the testator intended that his real estate was to be sold by the executor and converted into money, and hence the testator's entire estate disposed of by this testamentary writing would have to be treated as personal property on the principle of equitable conversion, and therefore the law of testator's domicile controlled as to the revocation of his will and that it was revoked by his subsequent marriage.

In *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188, this court declared the following to be the common-law rules applicable to wills deducible from the adjudications:

"1. The validity of every devise or disposition of real estate by will must be governed by the law of the place where the land is situated, and this includes not only the form and mode of the execution of the will, but also the lawful power and authority of the testator to make such a disposition," citing.

"2. On the contrary, although not as well defined, nor as extensively enforced, yet the authorities clearly support the proposition that the validity of a bequest or disposition of personal property by last will and testament must be governed by the law of the testator's domicile at the time of his death, and this includes not only the form and mode of the execution of the will, but also the lawful power and authority of the testator to make such disposition," citing.

These propositions declaring the common law on the subjects do not determine the question whether or not the revocation of the doctor's will under the law of Illinois operated to revoke it under the statute law of Wisconsin. These statutes prescribe what persons may devise and bequeath real and personal property, how wills are to be executed and attested, when made either within or without the state. Sec. 2290, Stats., provides that a will or any part thereof may be revoked by the acts of the testator in the manner specified in this section, "excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator. The power to make a will implies the power to revoke the same." In *Glascott v. Bragg,* 111 Wis. 605, 87 N. W. 853, it was held that at common law marriage of the testator and birth of a child operated in Wisconsin to revoke a will made prior to such marriage and not in contemplation thereof. This interpretation of our statutes excludes the idea that marriage alone, as the Illinois statutes provide, shall be deemed a revocation of a prior will. Secs. 3789 and

3790 provide that an exemplified copy of a foreign will and a record of admitting it to probate in the place of the testator's domicile may be probated and filed in this state, and if upon hearing it shall appear that such a will was admitted to probate by a court of competent jurisdiction and is still in force, then such copy and probate thereof shall be filed and recorded *and shall have the same effect as if it had been originally proved and allowed in the courts of this state.* Sec. 2295, Stats., provides:

"When a will devising lands in this state, or any interest therein, shall have been duly proved and allowed in the proper court of any other of the United States or the territories thereof 'a copy of such will and of the probate thereof, duly authenticated, may be recorded in the office of the register of deeds of any county in which any such lands are situated, and when so recorded . . . shall be as valid and effectual to pass the title to such lands as if such will had been duly proved and allowed by the proper court in this state."

The effect of these statutes is to make the decrees of the courts of testator's domicile conclusive as to the existence and validity of a will and to give to such decrees the same effect as if rendered by the courts of this state. This result of the statutes was declared in *In re Gertsen's Will,* 127 Wis. 602, 106 N. W. 1096, where the testatrix, domiciled in Nebraska, where she died, left property in Nebraska and Wisconsin, and her will was probated by a competent court in Nebraska. In a proper proceeding and hearing to probate it in this state upon an exemplified copy of the will and record admitting it to probate in Nebraska, the circuit court of Wisconsin denied probate of such will upon the ground that no guardian *ad litem* had been appointed for the minors in the proceedings for probate of the will in the Nebraska court. This court said, on review of the circuit court's decision:

"The mistake was made, it seems, *by looking to the essentials of a valid original probate of a will in this state, instead of such essentials in Nebraska.* The language of the section is *not* to the effect that if it appears that the former pro-

bate was according to the laws of this state the will shall be admitted in the secondary proceeding with like effect as if they were primary: to the contrary it says: 'If on the hearing it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction, . . . the will shall have the same force and effect as if it had been originally proved and allowed in the same court."

The effect of these statutes is to modify the rules of the common law on the subject and to make the decisions of the courts. of the testator's domicile valid and binding in the courts of this state and to give to them the effect of legally establishing and probating wills devising real estate in Wisconsin. The necessary result of these statutes, therefore, is that the primary inquiry of determining as to the form and mode of the execution of foreign wills devising real estate in Wisconsin and the lawful power of the testator to make such a will is committed to the court of the testator's domicile.

The determination of these questions legally and necessarily includes the inquiries by such foreign courts whether or not testator made a valid will and, if so, whether it had been legally revoked before his death; and such judgment of the courts in sister states is to be accepted here as fixing the status of the instrument propounded as a will and under these statutes has the same effect as if the original proceeding had been had in the court of this state. It is considered that it results from this statutory modification of the common law that the question whether or not a purported will has been revoked is necessarily an inquiry in such foreign probate proceeding and is committed to the court of testator's domicile for determination under the law of his residence. It must therefore follow that the law of Illinois concerning the revocation of wills controls in the instant case. There is no dispute but that the marriage of Dr. Gailey after making the will in question revoked it under the laws of Illinois.

The record shows that this proceeding was commenced by personal service on the respondent, *Brown,* and that he ap-

peared to show cause why he should not deliver the writing alleged to be the valid will of Dr. Gailey. This conferred jurisdiction of the subject matter and of the respondent. This is sufficient to enable the courts to inquire into the merits of the petitioner's claims. Since the facts show that petitioner is not entitled to the relief demanded and that the petition must be dismissed, it is unnecessary to consider whether or not granting the relief prayed for would be a fruitless adjudication in the matter under the facts and circumstances presented by the record.

*By the Court.*—The order appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on June 25, 1919.