# CASES DETERMINED

47    23
101   498

PRICE vs. MACE, Administrator, etc.

ESTATES OF DECEDENTS:  Several administrations: *How far judgment against one administrator evidence in action against another.*

1. Where there are several administrations of an intestate estate, in different jurisdictions, a judgment against one administrator does not bind another.
2. Whether and how far judgments against the *principal* administrator, accompanied by proof that there are no assets in his hands to satisfy them, would be *evidence* in a court which had granted *ancillary* letters, *quære.*
3. It is the place of the intestate's domicile at the time of his death, and not the place of his death, which determines the principal administration.
4. Where letters of administration on the same estate were granted in this and another state, and both describe the intestate as *of that place,* a judgment against the foreign administrator is not even *prima facie* evidence, in an action against the Wisconsin administrator.

APPEAL from the Circuit Court for *Grant* County.

In October, 1873, the circuit court for Sullivan county, Indiana, appointed James L. Berry administrator of the estate of Russel Atkins, then recently deceased in said county. Thereafter an action was brought against said Berry as such administrator, by *Nancy Price,* on an account against the estate of said decedent "for boarding and lodging the de-

ceased, and caring for him in his sickness and during his last illness, from November 2, 1870, till August 19, 1873," amounting to $430. In January, 1874, said circuit court rendered, as is alleged in the complaint herein, a judgment in favor of the plaintiff in said action. Afterwards said *Nancy Price* presented a claim for the amount of said judgment to the commissioners appointed by the county court of Grant county in this state to determine claims against the estate of said Russel Atkins. The claim having been disallowed by the commissioners, this action was brought thereon, against *George W. Mace*, who had been appointed by said county court of Grant county in December, 1873, administrator of the estate of said decedent.

The answer of the administrator herein alleges, among other things, that said claim was fraudulent, and that no notice of said claim, suit or pretended judgment was ever served upon the defendant, and no summons in said action or notice of said claim was ever served upon or given to any of the heirs-at-law or legal representatives of the deceased.

On the trial, plaintiff offered in evidence certified copies of certain proceedings in the circuit court for Sullivan county, Indiana, including the alleged judgment in her favor. Defendant objected to the evidence on various grounds, including the following: "3. Because such pretended judgment is not between the parties to this action or their privies, and is not evidence for any purpose against this defendant." The evidence was rejected; the defendant had a verdict and judgment; and plaintiff appealed.

The cause was submitted for the appellant on the brief of *Bushnell & Clark:*

The deceased was domiciled in Indiana. The administration there is the principal one, and that here merely ancillary. *Stevens v. Gaylord*, 11 Mass., 256; *Dawes v. Boylston*, 9 id., 337; *Churchill v. Prescott*, 3 Bradf., 233. Plaintiff's claim has been allowed and passed into a judgment in due form of

law, by the circuit court for the proper county in Indiana. Under the constitution and statutes of the United States, that judgment is entitled to the same faith and credit in this state as in Indiana. Where a judgment is rendered in one state by a court of competent jurisdiction, with jurisdiction of the parties, its merits cannot be questioned by the courts of other states. A decree against the primary administrator, at an intestate's domicile, is conclusive upon the subsidiary administrator. *Churchill v. Prescott, supra; Suarez v. Mayor*, 2 Sandf. Ch., 173. This record would therefore have made out at least a *prima facie* case. If there was any fraud in obtaining the judgment, that was for the defendant to establish.

*A. W. Bell,* for the respondent:

1. The authority of a personal representative is strictly limited to the state from which it is derived. 3 Redf. on Wills, 24–31, with note 10 on p. 26, and note 12 on p. 27; 2 Kent's Com., 434–5; 1 Pinney, 65. And there is no *privity* between administrators appointed in different states. 2 Redf. on Wills, 18; 12 Am. R., 106; *Leonard v. Putnam*, 51 N. H., 247. The judgment on its face only purports to bind the assets in the hands of the Indiana administrator. It would not be conclusive against the heirs of the deceased even in Indiana. *Kent v. Kent*, 3 Thomps. & Cook, 630; U. S. Dig., N. S., 457. A judgment against personal representatives in one state forms no ground of action against personal representatives in another state. 3 Redf. on Wills, p. 26, sec. 9, note 10, and authorities there cited; id., p. 27, note 12; Story on Conflict of Laws, §§ 513, 522; *Brodie v. Bickley*, 2 Rawle, 431; *Mothland v. Wireman*, 3 Penn., 185; *Talmage v. Chapel*, 16 Mass., 71; *Goodall v. Marshall*, 14 N. H., 161; *Hill v. Packer*, 13 How., U. S., 458. 2. To establish a right through a judgment of a foreign state, it is necessary to show that the foreign court had jurisdiction of the matter in controversy, as well as of the parties. In this alleged record there is no

pleading on the part of the alleged parties, and nothing to show how the circuit court for Sullivan county acquired jurisdiction. It is clear that a similar paper, purporting to be the record of a circuit court of this state, would be insufficient to show a valid judgment; and, in the absence of proof to the contrary, it must be presumed that the laws of Indiana are like our own. *Rape v. Heaton*, 9 Wis., 328; *Walsh v. Dart*, 12 id., 635.

RYAN, C. J. The rule seems to be universal, that, where there are several administrations of an intestate, in different jurisdictions, a judgment against one administrator does not bind another.

"Where administrations are granted to different persons in different states, they are so far deemed independent of each other, that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for, in contemplation of law, there is no privity between him and the other administrator." Story's Conflict, § 522. In another place, commenting upon *Mackey v. Cox*, 18 Howard, 100, the same learned writer says: "The true law in regard to ancillary administrations is here stated by NELSON and CURTIS, JJ., that, this being an ancillary administration, it depended upon the discretion of the orphans' court which granted it, whether the money remaining in the hands of the ancillary administrator, after the satisfaction of all claims in this jurisdiction, should be distributed here by the ancillary administrator, or remitted to the principal administrators for distribution; and until that direction shall be executed, and the ancillary administrator directed which course to pursue, he is in no default." Sec. 529 *d*. So it is said in 3 Redfield on Wills, 26: "Hence, where there is a principal administration in the place of the domicile of the decedent, and in other states there are

creditors and estate, real or personal, belonging to the estate, there accrues a right to an auxiliary or ancillary administration, as it is called, since it is subsidiary and, as it were, supplemental to the principal administration.  But these administrations are regarded as wholly independent of each other; so much so that a judgment recovered against the personal representative of the estate in one state forms no ground of action against such representative in another state.  But it must be conceded that, where there are no creditors beyond the limits of the principal administration, there is no reason why the debtors of the estate may not, by making payment to the personal representative in the place of the principal administration, obtain a valid release of the cause of action."

This doctrine is amply affirmed by authorities cited by the learned counsel for the respondent, and others.  *Aspden v. Nixon*, 4 How., 467; *Stacy v. Thrasher*, 6 How., 44; *Low v. Bartlett*, 8 Allen, 259, and other cases.

There might be a contingency, however, in which this sweeping rule would operate hardly.  The principal administration of the estate of an intestate is at the place of his domicile at death.  Administration in another jurisdiction is ancillary.  And where there is a surplus for distribution in an ancillary administration, the cases seem all to agree that, though the distribution must follow the *lex domicilii*, yet it is discretionary with the court granting the ancillary letters to transmit the surplus to the principal administrator, or to distribute it for itself.  In such a case, there might be judgments against the principal administrator, without assets in his hands to satisfy them.  In that case, it seems hard to drive creditors, who had fairly litigated their claims against the principal administrator, to litigate them *de novo* against the ancillary administrator.  Whether and how far judgments against the principal administrator, accompanied by proof that there are no assets in his hands to satisfy them, should be evidence in a

court which had granted ancillary letters, might, perhaps, be regarded as a question not absolutely settled by the authorities. They leave such an effect of such judgments, however, in very great doubt.

But this question is not in the case now before the court. The appellant relied in the court below solely on her judgment in the Indiana court. Counsel assumes that the principal administration is in Indiana, because the intestate died there. But it is the place of domicile, not of death, which determines the principal administration. And the letters of both courts, Indiana and Wisconsin, describe the intestate as late of that place. Neither party gave evidence tending to settle the question.

In these circumstances, the court cannot hold the judgment in Indiana as even *prima facie* evidence against the administrator in Wisconsin.

*By the Court.*— The judgment of the court below is affirmed.