WILLIAM H. THORNLEY *vs.* J. C. WALSH COMPANY.

Bristol.     October 24, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Receiver,* Ancillary.     *Corporation.     Conflict of Laws.*

Certain creditors of a foreign corporation, which had been engaged in the construction of buildings under contracts with the owners, had valid and enforceable mechanics' liens upon certain land and a building constructed thereon by the corporation in the State of its incorporation for the payment of claims which under the contract of the owner with the corporation had to be paid before anything became due from the owner, so that a receiver of the corporation, appointed in proceedings in the State of its incorporation, in order to obtain from the owner the balance due upon the contract, was compelled to allow payments to such creditors in full. Ancillary receivership proceedings were instituted in this Commonwealth, in which a Massachusetts creditor proved an unsecured claim before the receiver. *Held,* that such Massachusetts creditor had no right to payment of his claim in full from the assets in possession of the Massachusetts receiver, but could insist only upon being allowed to share on equal terms with other unsecured creditors of the corporation, wherever they resided.

Where a Massachusetts creditor of a foreign corporation, who has proved his claim in receivership proceedings in this Commonwealth ancillary to proceedings against the corporation in the State of its incorporation, has been given an opportunity also to prove his claim in the proceedings in the other State, and has refused to do so, he cannot object to a distribution of the assets in the hands of the Massachusetts receiver among creditors who have proved in both proceedings, irrespective of their places of residence.

In an ancillary receivership in the courts of this Commonwealth, preference will not be given to domestic creditors unless it appears that there is danger of discrimination against them in the forum of the principal receivership, and then only so far as is necessary to counteract such discrimination.

In receivership proceedings against a foreign corporation in courts of this Commonwealth, ancillary to similar proceedings against the corporation in the State of its incorporation, it is proper for the court, in order to secure equality of distribution among all creditors, where Massachusetts creditors have been allowed to prove their claims before the original receiver, to allow foreign creditors to prove their claims here.

BILL IN EQUITY, filed in the Superior Court for the county of Bristol on January 15, 1908, for the appointment of a receiver of the property in this Commonwealth of the defendant, a Rhode Island corporation, who should be ancillary to a receiver appointed in similar proceedings against the same corporation in the Superior Court of Providence County, Rhode Island.

The case previously was before this court on an appeal by a

creditor, Jerome C. Borden, from the decree appointing the ancillary receiver, and is reported in 200 Mass. 179. After that decision, the case was heard by *De Courcy*, J., upon the question of the allowance of the receiver's final account. Jerome C. Borden, a creditor, alone opposed the allowance of the account. From the account it appeared that, after the payment of the expenses of the Massachusetts receivership, there was in the possession of the receiver $2,910.61 for distribution according to orders of the court; that one hundred and ten creditors had proved their claims before the Massachusetts receiver, of whom seventy-two were residents of Rhode Island, thirty-two were residents of Massachusetts, and six were residents of other States. Among the claims so allowed was that of Jerome C. Borden for $2,159.35.

The following facts were agreed upon by the parties:

" The defendant, previous to the appointment of a receiver in either State had entered into two contracts in similar form, one for the construction of a church at Centredale, Rhode Island, and the other for the construction of an academy and convent at Fall River, Massachusetts. Each contract contained the following clause: 'If at any time there shall be evidence of any lien or claim for which, if established, the owner of said premises might become liable, and which is chargeable to the contractors, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractors shall refund the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default.'

" The statute with reference to mechanics liens in Rhode Island is as follows: 'Section 1. Whenever any building, canal, turnpike, railroad or other improvement shall be constructed, erected or repaired by contract with or at the request of the owner thereof, such owner being at the time the owner of the land on which the same then is, or by the husband of such owner with the consent of his wife in writing, such building, canal, turnpike, railroad or other improvement, together with the said land, is hereby made liable and shall stand pledged for

all the work done in the construction, erection or reparation of such building, canal, turnpike, railroad or other improvement, and for the materials used in the construction, erection, or reparation thereof, which have been furnished by any person before any other lien which shall originate subsequent to the commencement of such erection, construction or reparation on such land.'

" Under this statute the Union Hardware & Supply Co., of Providence, R. I., had a lien for materials amounting to $135, and other parties had two small claims (about $24) for labor, both against the church at Centredale, Rhode Island, and these sums were paid to the lienors at the time of the settlement under the contract with the Rhode Island receiver, the owner insisting upon such payment under the provisions of his contract.

" Jerome C. Borden furnished materials used in the construction of the academy and convent in Fall River, Massachusetts, to the amount of his claim as allowed in this case, and previous to the appointment of the receiver brought an action in the Superior Court in the Commonwealth, summoning the owner as trustee, which suit was pending at the time when the receiver was appointed. [This attachment was dissolved and the amount due from the owner to the defendant was paid to the receiver under an interlocutory decree in these proceedings.]

" It is agreed that if the materials furnished by Jerome C. Borden had been furnished in the State of Rhode Island upon a similar structure in Rhode Island he could (at the time of bringing his trustee action) have enforced payment for $52.50 of his claim under the Rhode Island lien law and under his aforesaid contract, but that he could not at that time have enforced his lien in Massachusetts under the Massachusetts law, because he did not give his notice under the Massachusetts law at the time when he furnished the material."

It further appeared that, in the decree appointing the receiver in the Rhode Island proceedings, the court had fixed a time, after which claims which had not been filed with the receiver should be " forever barred from participation in the assets . . . except as it may be otherwise specially ordered by the court." Borden did not file his claim with the receiver in Rhode Island. At the hearing in the Superior Court this fact was stated, whereupon

the receiver in open court stated that Borden might then file his claim with the original receiver (who was the same person as the receiver in Massachusetts), and that no objection would be made on account of the lateness of such filing. The counsel for Borden refused so to file his claim.

A final decree was entered allowing the account of the receiver, " but without prejudice to the rights of Massachusetts creditors to participate in the distribution of the Rhode Island assets, and the receiver is hereby authorized and directed . . . to pay the net balance of the funds in his hands to the parties or their attorneys of record in this cause entitled thereto " in the sum of $2,910.61, " to the creditors as appear in said account of the receiver and pro rata among the creditors and for the amounts set out [in the schedule of creditors who had proved in the Massachusetts proceedings] upon their claims therein set forth."

Jerome C. Borden appealed.

The case was submitted on briefs.

*A. S. Phillips,* for the defendant Borden.

*W. H. Thornley* (of Rhode Island) *& D. F. Slade* for the plaintiff.

SHELDON, J.   The only funds in the hands of the ancillary receiver are the proceeds of his collection of the amount due to the Walsh Company for the construction of certain buildings in Fall River. The appellant's claim is against the Walsh Company for materials supplied to it by him for that construction. He has, however, no lien upon the land or buildings or upon the fund in the hands of the receiver, and stands as an unsecured creditor. He can maintain no such lien under the statute of Rhode Island, because the land is situated wholly in this Commonwealth. He has none under our statutes because he gave no notice to the owner of the land in accordance with the provisions of R. L. c. 197, § 3.   His attachment by trustee process has been dissolved by the appointment of the receiver.   R. L. c. 167, § 126.   *Second National Bank* v. *Lappe Tanning Co.* 198 Mass. 159.

In this state of the facts and under the provisions of R. L. c. 167, § 127, as the claim of the appellant has not been paid in full, the funds in the hands of the ancillary receiver must be distributed here in such a manner as to secure as far as possible equal-

ity of domestic creditors with those who are resident elsewhere. *Buswell* v. *Order of Iron Hall*, 161 Mass. 224. But there is no foundation for the contention that because some foreign creditors, having demands of a nature similar to that of the appellant, are secured by a mechanic's lien given by their local law and so may obtain payment in full, therefore the appellant must be paid in full to be put upon an equality with them. He is simply to be put upon an equality with other creditors who stand in the same position as himself, that is, with other unsecured creditors. *American Loan & Trust Co.* v. *Northwestern Guaranty Loan Co.* 166 Mass. 337.

Nor is it material that a further dividend may be received by creditors who have proved their demands in Rhode Island under the principal receivership. The appellant has had like opportunity to prove his demand there. When the decree appealed from was entered, it was stated in open court that he " might then file his claim with the petitioner as original receiver, and that no objection would be made on account of the lateness of such filing " ; and his counsel refused to do so. There is nothing to indicate that if he had accepted this offer he would not be allowed to participate in any distribution to be made in Rhode Island. Nor was his refusal put upon any such ground. *Gerding* v. *East Tennessee Land Co.* 185 Mass. 380.

In an ancillary receivership in our courts, preference will not be given to domestic creditors unless it appears that there is danger of discrimination against them in the forum of the principal receivership, and then only so far as is necessary to counteract such discrimination. It does not appear that there is in this case any such danger. And it was proper for the court, in order to secure equality of distribution among all creditors, to allow foreign creditors to prove their claims here, just as creditors resident here apparently have been allowed to prove their claims in the proceedings in Rhode Island. *Garham* v. *Mutual Aid Society*, 161 Mass. 357.

The decree appealed from must be affirmed.

*So ordered.*