JOSEPHINE T. NASH

*vs.*

BENNETT BENARI,

Administrator of the Estate of Sarah Wood Lemon.

*Executors and Administrators. General rule as to authority of Administrator in one
State extending to the assets of his Decedent in another State. Rule of law as
to a judgment in one State against an Administrator being res
adjudicata in a suit for the same account in another State.
Rule as to such judgment being admissible in
action between the same plaintiff and the
defendant as Administrator in
another and separate State.*

Androscoggin.    Opinion December 12, 1918.

At the time of her death, the domicile of the defendant's intestate, one Sarah Wood
Lemon, was in Massachusetts. She left property for administration there, and
also left property to be administered in the State of Maine. The same person
was appointed as administrator in the different states, and accepted the distinct
trusts. The present plaintiff previously sued defendant, in his representative
capacity, in Massachusetts, and there recovered judgment against the estate of
the decedent. That judgment remaining largely unsatisfied, she sued the
administrator in Maine, on the very demand, less subsequent payments thereon,
that had formed the basis of her case in Massachusetts. Defendant invoked the
judgment recovered against him as domiciliary administrator as special matter
of defense in bar of the suit in this jurisdiction, and took exception to the ruling
of the trial court excluding the Massachusetts judgment.

*Held:*

1.   The exclusion of the offered evidence was in accordance with the established
doctrine of the courts of this country. Where administrations of the estates of
the same intestate are granted to different persons in different states they are so
far deemed independent of each other that a judgment obtained against one
will furnish no right of action against the other, to effect assets received by the
latter in virtue of his own administration, for in contemplation of law there is
no privity between him and the other administrator. Each administration is
sovereign with in its own limits.

2.  That one and the same person is administrator in both states does not alter the doctrine. The judgment is against the defendant in his representative capacity, that he shall pay the debt of the intestate out of the funds committed to his care. Such representation does not extend beyond the assets of which the court that appointed him has jurisdiction. Another administrator in another state may be subject to a like judgment upon the same demand. The law and courts of a state can only affect persons and things within their jurisdiction. Consequently, both as to the administrator, and the property confided to him, a judgment in another state is a transaction between other parties.

Action of assumpsit to recover for services rendered by plaintiff to defendant's intestate. Defendant filed plea of general issue and, by way of brief statement, as a special matter of defense, pleaded a certain foreign judgment. Verdict for plaintiff in the sum of $1195.91. Defendant filed exceptions to the ruling of presiding Justice, excluding the foreign judgment which defendant had specially pleaded and offered in evidence in bar of plaintiff's suit. Judgment in accordance with opinion.

Case stated in opinion.

*Payson & Virgin*, for plaintiff.

*Tascus Atwood, Robert J. Curran, and Dana S. Williams*, for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. At the time of her death, intestate, the domicile of Sarah Wood Lemon was in Massachusetts, She there left property for administration, and she also left property to be administered in the State of Maine. Administrations were granted in the different States, first in Massachusetts and later in Maine, to one Bennett Benari. He accepted the distinct trusts. Alleging that she had rendered personal services for the intestate in her lifetime, for which payment was not made, the plaintiff in the present case previously sued Mr. Benari, in his representative capacity, in Massachusetts. In that suit, in the Superior Court in Suffolk County, she recovered judgment against the estate of the decedent. That judgment remaining largely unsatisfied, she brought this action against Benari as administrator in Maine, counting on a claim differing only from that which formed the basis of her case in Massachusetts, in that it gives credit for payments there made on account, since the commencement

of the original action. As special matter of defense in bar, supplemental to the general issue, and by way of brief statement under it, the State of Maine administrator invoked the judgment recovered against him as domiciliary administrator in Massachusetts. Plaintiff by counter brief statement replied that the suits were between different parties. Evidence of the Massachusetts judgment was excluded by the trial court, and an exception allowed.

The exclusion of the offered evidence was in accordance with the established doctrine of the courts of this country. Where administrations of the estates of the same intestate are granted to different persons in different states they are so far deemed independent of each other that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for in contemplation of law there is no privity between him and the other administrator. Story, Conflict of Laws, Sec. 522; *Aspden* v. *Nixon*, 4 How., 467; *Stacy* v. *Thrasher*, 6 How., 44; *Hill* v. *Tucker*, 13 How., 458; *McLean* v. *Meek*, 18 How., 16; *Noonan* v. *Bradley*, 9 Wall., 394; *Reynolds* v. *Stockton*, 140 U. S., 254; *Smith* v. *Madden*, 78 Fed., 833; *Low* v. *Bartlett*, 8 Allen, 259. As was said by Mr. Justice Virgin in *Fowle* v. *Coe*, 63 Maine, 245; "............ ......... the answer is, that the administrations of the estates of the same decedents in different states where there are creditors and property belonging to the same estate, are regarded as wholly independent of each other; that there is no privity between the different administrations; but that each is sovereign within its own limits."

In the case at bar, the fact that one and the same person is administrator in both States does not alter the doctrine. The Massachusetts judgment is against the defendant in his representative capacity there. That representation does not extend beyond the assets of which the Massachusetts court that appointed him has jurisdiction. *Stacy* v. *Thrasher*, supra. Letters of administration are without extra-territorial force. Story, Confl. of Laws, Sec. 512; *Smith* v. *Guild*, 34 Maine, 443; *Saunders* v. *Weston*, 74 Maine, 85; *Smith* v. *Howard*, 86 Maine, 203; *Brown* v. *Smith*, 101 Maine, 545. The two administrations are entirely unrestricted by each other. *Low* v. *Bartlett*, supra; *Ela* v. *Edwards*, 13 Allen, 48. In *Johnson* v. *Powers*, 139 U. S., 156, at page 159, Mr. Justice Gray, in delivering the opinion of the court, says: "A judgment recovered against the administrator of a

deceased person in one state is no evidence of debt, in a subsequent suit by the same plaintiff in another state, either against an administrator, whether the same or a different person, appointed there, or against any other person having assets of the deceased.

In *Stacy* v. *Thrasher,* supra, a judgment recovered in one State, on an alleged debt of the intestate, was held to be incompetent evidence of the debt in a suit brought by the same plaintiff in the Circuit Court of the United States, held within another State, against an administrator there appointed of the same intestate. In that case it was urged, as here, that the principle indicated was not applicable because of the provision of the Constitution, that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. U. S. Con. Art. IV, Sec. 1. In speaking the speech of the court, Mr. Justice Grier said: "The judgment is against the person of the administrator, that he shall pay the debt of the intestate out of the funds committed to his care. If there be another administrator in another state liable to pay the same debt, he may be subject to a like judgment upon the same demand; but the assets in his hands cannot be affected by a judgment in which he is personally a stranger. The law and courts of a state can only affect persons and things within their jurisdiction. Consequently, both as to the administrator and the property confided to him, a judgment in another state is res inter alios acta."

The ruling of the trial court was right.

*Exceptions overruled.*