## WILL OF HARKER.

*June 3—June 23, 1920.*

*Courts: Probate of the estates of nonresidents: Authority of county court: Construction of will.*

1. A county court having admitted the will of a nonresident to probate on a petition alleging the existence of creditors residing in Wisconsin and property within the state, its authority in the premises was limited to the administration of that part of the estate necessary to satisfy the claims of Wisconsin creditors, and, there being no Wisconsin creditors, an order attempting to construe the will was erroneous.
2. The duties of trustees under a will are to be defined by the court of domiciliary administration.

APPEAL from an order of the county court of La Fayette county: J. B. SIMPSON, Judge. *Reversed.*

Construction of will. John W. Harker died testate February 8, 1916, and was at the time of his death a resident of Council Hill, Jo Daviess county, Illinois. His will was duly admitted to probate in the county court of Jo Daviess county on March 17, 1916. The will created a certain trust for the benefit of an incompetent son, and *George Kirkpatrick* and *Curtis Harker,* the trustees named in the will, duly qualified and accepted the trust. The inventory showed a small amount of personal property, lands in North Dakota, and 160 acres of land in La Fayette county, Wisconsin. The clause of the will construed is as follows:

"I give, devise, and bequeath to *George Kirkpatrick* of Minot, South Dakota, and *Curtis Harker* of Dubuque, Iowa, in trust for my son, *John C. Harker,* all the rest, residue and remainder of my property of every kind and nature, both real and personal, and wherever situated, said trustees to pay to my said son the income derived from said property semi-annually during the term of the natural life of my said son. I further authorize and empower my said son to demand and receive from said trustees not to exceed the sum of $200 annually of the principal sum so held in trust by

them.    Said trustees are further authorized to sell any real estate which may be included in said trust and convert the same into cash at any time they find it necessary or deem it expedient in carrying out this trust."

April 24, 1917, Belle Quinlan was appointed guardian of the incompetent son, *John C. Harker,* and July 3, 1918, she filed in the county court of La Fayette county a petition for the appointment of an administrator with the will annexed of the estate of John W. Harker. September 4, 1918, a guardian *ad litem* for *John C. Harker* was appointed, notice to creditors was given, and on April 2, 1919, *W. B. Vail* was appointed administrator with the will annexed in the ancillary administration of the estate of John W. Harker, and duly qualified by giving bond. *Vail,* as administrator with the will annexed, filed his petition July 2, 1919, for the construction of the will. Appraisers were appointed, but no inventory was returned or filed in the county court of La Fayette county. It is conceded by all parties that in the domiciliary administration proceedings in the county court of Jo Daviess county, Illinois, the La Fayette county lands and the North Dakota lands had been sold by the trustees prior to the time application was made for the construction of the will. Subsequently an inventory was made which showed no other estate than the 160 acres of land before referred to. Upon the petition for a construction of the will the court held that one third of the estate is granted to the widow absolutely; that the remainder of the estate is devised to the trustees for the benefit of the incompetent son, subject to the residuary clause; that the trustees ought to pay the income derived from said estate in semi-annual payments to *John C. Harker,* the son; that the said son has the right to receive from the said trustees the sum of $200 per year in addition to said income; that the trustees have the control of that part of the estate only which is bequeathed to said son; and that so far as that income and the $200 annual payment is concerned, their duty ends when

such payments are made to the party entitled to receive the same; that said *John C. Harker* has been adjudged incompetent, and that Belle Quinlan is his duly appointed and qualified and acting guardian; that such guardian has the right to receive the income of the estate devised to her ward and to demand the payment of the $200 annually, as bequeathed in the will; that the said guardian and not the trustees under the will is the trustee of the estate of such incompetent son. From such order the trustees appeal.

For the appellants there was a brief by *Fiedler & Fiedler* and *R. T. Jackson,* all of Mineral Point, and oral argument by *Mr. E. C. Fiedler* and *Mr. Jackson.*

For the respondent there was a brief by *Kopp & Brunckhorst* of Platteville, attorneys, and *C. F. McDaniel* of Darlington, guardian *ad litem,* and oral argument by *L. A. Brunckhorst.*

ROSENBERRY, J. It is contended by the appellants, and we think correctly so, that the county court was in error in attempting to construe the will in question. It is contended that the court had no jurisdiction to enter the order construing the will. No doubt the court had jurisdiction in the broad and comprehensive sense in which that term is generally used. The construction of the will was an erroneous exercise of the court's power rather than an act done wholly beyond and without its power. *Harrigan v. Gilchrist,* 121 Wis. 127, at p. 227, 99 N. W. 909.

No doubt the court had under the statute the power to admit the will to probate. From the petition it appeared that there was property within the state and claims against the estate in favor of Wisconsin creditors. But having admitted the will to probate, the authority of the court in the premises was limited to the administration of that part of the estate necessary to satisfy the claims of Wisconsin creditors. It appearing that there were no creditors, the court had no further duties to perform in the premises, and

its further act in attempting to construe the will and define the duties of the trustees was nugatory and erroneous. *Van Steenwyck v. Washburn*, 59 Wis. 483, 17 N. W. 289; *Ford v. Ford*, 70 Wis. 19, 33 N. W. 188; *Emery v. Batchelder*, 132 Mass. 452; *Welch v. Adams*, 152 Mass. 74, 25 N. E. 34, 9 L. R. A. 244.

The duties of the trustees are to be defined by the court of domiciliary administration, and the administration and control of the estates and the trustees under the will is vested in the court of domiciliary administration. The order, therefore, attempting to construe the will as regards the duties of the trustees is erroneous.

*By the Court.*—The order appealed from is reversed.