## ESTATE OF HANREDDY.

*January 13—April 11, 1922.*

*Executors and administrators: Claims against decedents: Ancillary and domiciliary administration: Assets wherever situate liable for claims: Nonresident creditors.*

1. Where the entire assets of a deceased, though found in several jurisdictions, are insufficient to pay all obligations, there is such an interdependence between the various jurisdictions that the assets in their respective control will be considered as one fund, to be distributed *pro rata* to all creditors in the several jurisdictions by the several courts therein administering the affairs of the deceased, when the fact of insolvency is brought to the attention of the courts.
2. The manner in which the insolvency is brought to the attention of the court is immaterial.
3. The court having jurisdiction of ancillary administration, in so treating all the assets as one fund to be prorated to creditors in both jurisdictions may properly retain control of sufficient assets so that, when the proper percentage is ultimately de-

termined in the several jurisdictions, the creditors whose claims are filed and allowed in the jurisdiction of the domiciliary administration shall be paid their proper percentage.

4. Where the county court has ancillary jurisdiction in the administration of the estate of a decedent, it may properly pass upon and adjust the claims of nonresident creditors.

[5. The question whether a judgment obtained against the executrix in the state where domiciliary administration was pending could be considered a judgment such as might be certified to the county court under sec. 3846, Stats., or whether it was barred for failure to file the claim under sec. 3844, not determined.]

APPEALS from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

One Joseph Hanreddy, a resident citizen of Chicago, Illinois, died there testate April 8, 1918. On June 25, 1918, his widow, Margaret Hanreddy, was duly appointed, qualified, and ever since has acted and is still acting as executrix of his estate in the probate court of Cook county, Illinois. Claims were therein filed aggregating more than $50,000. The available assets subject to that jurisdiction do not exceed $4,000.

In August, 1918, in the county court of Milwaukee county, Wisconsin, the will of said Joseph Hanreddy was duly probated and the said Margaret Hanreddy appointed executrix in ancillary proceedings, there being assets aggregating over $50,000 belonging to said estate as well as resident creditors within the state of Wisconsin. Claims have been filed therein by both resident and nonresident creditors in amounts in excess of the assets. Some creditors have filed their respective claims in both jurisdictions.

In August, 1919, the said executrix filed a petition in the county court of Milwaukee county reciting the probate proceedings in Illinois and in this state; the claims filed in the respective proceedings and their respective assets substantially as above set forth; the fact that the assets of the said estate are insufficient to pay all of the debts of the said estate and that the said estate is insolvent; that if all the claims filed

were allowed there would be assets in the Wisconsin juris-
diction sufficient to pay the claims filed in that jurisdiction
to approximately ninety per cent. thereof, and that as to the
claims in the Illinois jurisdiction the assets there would not
be sufficient to pay more than a ten per cent. dividend
thereon; that some of the claims filed were still being con-
tested, and until final adjudication thereon the exact per-
centage of the total claims to the total assets could not be
ascertained.    She ·asked that no payment be made upon
the claims filed in the Wisconsin jurisdiction until after final
adjudication in both states upon all the claims and a deter-
mination had of the *pro rata* percentage that could properly
be paid from the entire assets in both jurisdictions upon the
respective claims in the several jurisdictions, and that after
such ascertainment and payment upon such *pro rata* per-
centage of the claims filed and allowed in the Wisconsin
jurisdiction the surplus should be turned over to her as ex-
ecutrix in the jurisdiction of Illinois, to be there likewise
applied.

Petitions to the same effect were also filed on behalf of
certain creditors who had theretofore filed their claims in
the Illinois proceedings.

Prior to the death of Joseph Hanreddy the executors of
the estate of one Julius W. Loewenthal brought suit against
said Hanreddy in the superior court of Cook county, Illi-
nois, to recover upon certain notes.    Upon the death of
Hanreddy the action was revived against Margaret Han-
reddy as executrix, and on· July 19, 1919, judgment was
rendered against her for about $10,000.    After the time
for filing claims had expired in the Wisconsin jurisdiction
the executors of the estate of said Julius W. Loewenthal
joined in the petitions praying for a *pro rata* distribution
of the entire assets and filed authenticated copies of the rec-
ords and proceedings in connection with said judgment,
and contended that the judgment so obtained and so certi-
fied should be considered as a claim against the estate of

said deceased in the ancillary administration in Wisconsin as coming under the provisions of sec. 3846, Stats.

Various objections to these several petitions and to the request of the Loewenthal executors were interposed by creditors whose claims had been filed herein. After a hearing the court made his findings of fact reciting substantially as above stated and his conclusions of law as follows:

"I. That the assets in said ancillary administration constitute a fund out of which the claims of creditors residing in Wisconsin, and who have duly filed their claims, be paid in full.

"II. That the claims of foreign creditors, residing outside of the state of Wisconsin, are disallowed in this ancillary administration.

"III. That this court has no jurisdiction to consider or allow claims of foreign creditors, and is confined in its administration, by virtue of the provisions of the statutes of the state of Wisconsin, to the consideration, determination, and payment of claims of Wisconsin creditors duly allowed in this jurisdiction and to the distribution of the assets in the ancillary administration for the benefit of Wisconsin creditors.

"IV. That any residue in the possession of the ancillary administrator after the payment of the claims of Wisconsin creditors duly allowed, and after the payment of the costs and expenses of the ancillary administration, are hereby ordered to be paid and delivered by said ancillary administrator to the executrix of the domiciliary estate."

An appeal was taken from the judgment or order entered in conformity with said conclusions of law as well as several applications made for review thereof under the provisions of sec. 3049a.

For the appellants *William J. O'Brien* and *Carey Brick Company* there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Raymond T. Jackson* of Mineral Point.

For the appellant *Maryland Casualty Company* there was a brief by *Bloodgood, Kemper & Bloodgood*, attorneys, and

*Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins.*

For the respondent executors of the estate of Julius W. Loewenthal, deceased, there was a brief by *Benjamin Poss* of Milwaukee and *Rosenthal, Hammill & Wormser* of Chicago.

For the *Unity Safe Deposit Company, Southern Surety Company,* and *O. W. Huncke* there was a brief signed by *Quarles, Spence & Quarles* of Milwaukee, attorneys, and by *J. V. Quarles* and *H. T. Foulkes,* both of Milwaukee, and *Newman, Poppenhusen, Stern & Johnston* of Chicago, of counsel, and oral argument by *Mr. Foulkes* and *Mr. J. V. Quarles.*

A brief was also filed by *Hoyt, Bender & McIntyre* of Milwaukee, attorneys for *Christian Doerfler,* and *Olwell, Durant & Brady* of Milwaukee, attorneys for the *Western Lime & Cement Company,* and oral argument by *Arthur Snapper* and *Bernard V. Brady,* both of Milwaukee.

There was also a brief by *Robert N. McMynn,* attorney for the Wisconsin estate of Joseph Hanreddy, deceased, with *Harvey A. Malig,* of counsel, both of Milwaukee.

The following opinion was filed February 7, 1922:

ESCHWEILER, J. The questions presented on the appeals here are substantially these:

Administration of the estate of a deceased person being instituted in the state wherein was his domicile at the time of his death, and ancillary administration being had in a sister state where assets exist and creditors reside, and the combined assets in the two jurisdictions being insufficient to pay the total of the just claims allowed in the two jurisdictions, shall the assets in the respective jurisdictions be considered as one fund to be distributed *pro rata* to all the creditors in both jurisdictions of the estate of the deceased, or shall the funds in the ancillary administration be distributed to the resident claimants or claimants therein, the sur-

plus only, after paying such claimants in full, to be subject to distribution in the jurisdiction of the domicile?

Can the county court of this state, having but ancillary jurisdiction, consider and allow the claims of nonresident creditors?

In some respects ancillary and domiciliary administrations are entirely independent and separate proceedings; in other ways the ancillary, as its name implies, is subordinate or auxiliary to the primary administration at the domicile. As illustrative of their being independent, it may be noted that the time within which claims must be filed in order to be subject to allowance is fixed by the law of the place of administration and filing (*Davis v. Davis,* 137 Wis. 640, 647, 119 N. W. 334; *Fields v. Estate of Mundy,* 106 Wis. 383, 386, 82 N. W. 343; *Winter v. Winter,* 101 Wis. 494, 498, 77 N. W. 883); and again, a judgment against an administrator in one jurisdiction is not binding in the other. *Price v. Mace,* 47 Wis. 23, 26, 1 N. W. 336; *Brown v. Fletcher's Estate,* 210 U. S. 82, 94, 28 Sup. Ct. 702; *Ingersoll v. Coram,* 211 U. S. 335, 362, 29 Sup. Ct. 92; *Nash v. Benari,* 117 Me. 491, 105 Atl. 107, 3 A. L. R. 61, and note at p. 64, cited in Ruling Case Law, 2 Supp. p. 1249.

The broader scope of the domiciliary jurisdiction is well recognized in such cases as *Rackemann v. Taylor,* 204 Mass. 394, 403, 90 N. E. 552, to the effect that, though the court of ancillary jurisdiction has power to first probate a will, it should, in the absence of special circumstances, refuse to do so; and those holding that the final accounting is at the domicile. *Bedell v. Clark,* 171 Mich. 486, 137 N. W. 627. That the domicile is the primary jurisdiction has been recognized here (*Price v. Mace,* 47 Wis. 23, 27, 1 N. W. 336), the construction of the will being for the domicile rather than for the court of ancillary jurisdiction. *Will of Harker,* 172 Wis. 99, 102, 178 N. W. 246, and cases cited.

Where the assets of a deceased, though found in several jurisdictions, are sufficient to pay the debts allowed against

his estate in the several jurisdictions, ordinarily each of the separate jurisdictions proceeds to adjust claims and provide for their payment out of the assets in their control, each independently of the other; but where, as here, the entire assets of the deceased are insufficient to pay all his just obligations, there is such an interdependence between the various jurisdictions as to require the application of the old maxim that "Equality is equity;" and the several courts administering the affairs of the deceased, each being apprised of that situation, must no longer consider the assets within their respective controls as separate and distinct funds for distribution to the creditors within such jurisdictions, but as one entire fund in which all creditors of the deceased having just claims of equal standing shall share. *pro rata.*  It makes no material difference by whom or how the situation is brought to the knowledge of the court.    In this case the petition of the executrix alone was sufficient. It is the fact of insolvency that raises the equity.    It then becomes the duty of the court itself, administering the assets, to subordinate the demands of the local creditors to be paid in full or to the exhaustion of the assets to the broader rights of the creditors as a whole to share on an equal footing in the assets as a whole.

That such well grounded equitable principle is consonant with the proper self-respect which a government should maintain was early declared in the case of *Dawes v. Head,* 3 Pick. (20 Mass.) 128.    That ruling was constantly followed in Massachusetts, and subsequently became the statutory declaration as well (*Buswell v. Order of the Iron Hall,* 161 Mass. 224, 233, 36 N. E. 1065); and such has been done in other states, as shown in *Dow v. Lillie,* 26 N. Dak. 512, 144 N. W. 1082, L. R. A. 1915D, 754.    It is the rule in the domicile in the instant case.    *Ramsay v. Ramsay,* 196 Ill. 179, 188, 63 N. E. 618.    The same is declared elsewhere.    *Tyler v. Thompson,* 44 Tex. 497; *Mitchell v. Cox,* 28 Ga. 32; 2 Schouler, Wills (5th ed.) §§ 1015a, 1174;

Estate of Hanreddy, 176 Wis. 570.

24 Corp. Jur. 1125; 11 Ruling Case Law, 444. It is but the application in another form of the rule that is applied in the distribution of the assets of an insolvent corporation foreign to the distributing jurisdiction where resident and nonresident creditors must share *pro rata*. *Blake v. Mc-Clung*, 172 U. S. 239, 19 Sup. Ct. 165; *Buswell v. Order of the Iron Hall*, 161 Mass. 224, 233, 36 N. E. 1065; *Thornley v. J. C. Walsh Co*. 207 Mass. 62, 66, 92 N. E. 1007.

It is of course proper that sufficient of the assets belonging to the estate and found in Wisconsin should be held here so that when the proper percentage is ultimately determined in the two jurisdictions the creditors whose claims are filed and allowed in this jurisdiction shall be here paid their proper percentage.

On the second question suggested it is clear that, there being assets of the deceased and resident creditors within the state of Wisconsin, the county court of Milwaukee county had and properly assumed jurisdiction in the ancillary administration. Sec. 3793, Stats.; *Will of Harker*, 172 Wis. 99, 178 N. W. 246; *Barlass v. Barlass*, 143 Wis. 497, 128 N. W. 58. Having such proper jurisdiction, it became the duty of such court to receive, examine, and adjust the claims and demands of all persons against the deceased as provided for in sec. 3838, Stats., which reads as follows:

"On filing a petition for the probate of a will or petition for administration by any county court it shall be the duty of such court to receive, examine, and adjust the claims and demands of all persons against the deceased."

Under such statute as well as under the general principles governing such matters, no distinction can be made between ancillary administration and domiciliary administration as to the rights of nonresident creditors to file, in accordance with the established practice of this state, their claims against such an estate for adjustment and allowance. That nonresident creditors may prove their claims in an-

cillary administration is the general rule. 11 Ruling Case
Law, 443; 24 Corp. Jur. 1124. See note in L. R. A. 1915F,
p. 1041; *Borer v. Chapman,* 119 U. S. 587, 7 Sup. Ct. 342.

We can see no proper ground under our statutes or de-
cisions for drawing any harsh distinction as such a one
would be between the rights of nonresident claimants where
the administration here is that of the domicile and where it
is merely ancillary.   The question was not before the court
in the recent case of *Will of Harker,* 172 Wis. 99, 178 N.
W. 246, that decision only holding upon the situation there
presented that the county court there exceeded its proper
functions in attempting to construe a will and the duties of
trustees thereunder, that being properly for the Illinois court
having domiciliary administration.

In view of the holding now made that creditors filing
claims in this jurisdiction of ancillary administration can
thereby acquire no preference over creditors whose claims
are duly allowed at the domicile, it does not seem necessary
to determine the questions presented upon the claim of the
executors of the estate of Julius W. Loewenthal, who had
commenced an action against Joseph Hanreddy in Illinois
and after his death and subsequent revival of the action as
against his executrix had obtained judgment against her in
that state.   There being no advantage to be gained by the
filing of such judgment or allowance thereof as a claim in
the jurisdiction here over that which they have already ac-
quired in the probate court of Cook county, we do not deem
it necessary to now determine whether or not such a judg-
ment, obtained as it was against an executrix in another
state, should be considered as such a judgment as may be
certified to the county court as provided for in sec. 3846,
Stats., or as to whether or not, it not having been presented
to the court below until after the time fixed for the presen-
tation of claims, it is thereby barred by sec. 3844, Stats.

The situation, however, would seem to be almost parallel
with that presented in the case of *Brown v. Fletcher's
Estate,* 210 U. S. 82, 28 Sup. Ct. 702, affirming the same

case in 146 Mich. 401, 109 N. W. 686. A discussion of the subject is also found in a note in 3 A. L. R. 64, to the case of *Nash v. Benari,* 117 Me. 491, 105 Atl. 107.

It follows from what has been said that the order and judgment of the county court must be reversed.

In view of the peculiar situation presented in this matter, we deem it best to deny the allowance of costs to any party on this appeal, except that the costs of the clerk of this court are to be paid out of the estate.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.

DOERFLER, J., took no part.

A motion for a rehearing was denied, with $25 costs, on April 11, 1922.