WILL OF HEBBLEWHITE: HEBBLEWHITE, Legatee, Appellant, vs. SCOTT, Administrator, and others, Respondents.

*May 16—June 21, 1938.*

260

*Lloyd D. Smith* of Waupaca, for the appellant.

*Edward J. Hart* of Waupaca, for the respondent M. B. Scott.

For the respondents Walter Hebblewhite and Jeanette Hebblewhite there was a brief by *Williams & Williams,* and for the respondent Clement Hebblewhite by *Barnard & Mullen,* all of Oshkosh, and oral argument by *Eugene G. Williams* and *Charles C. Barnard.*

MARTIN, J. Earl T. Hebblewhite was at the time of his death on November 5, 1936, a resident of the city of Stockton, San Joaquin county, California. His will, set out above, was duly admitted to probate in San Joaquin county, California. It appears that the appellant, Tracy S. Hebblewhite, obtained a divorce from Earl T. Hebblewhite on March 12, 1934; that there were no children of said marriage, and that Mr. Hebblewhite did not remarry. The only heirs at law are aunts and cousins. At the time of his death, Mr. Hebblewhite owned certain real estate located in Waupaca county, Wisconsin.

On December 3, 1936, on the petition of Tracy S. Hebblewhite, ancillary proceedings were begun in the county court of Waupaca county, and thereafter, on January 5, 1937, letters of administration with the will annexed were granted to M. B. Scott of the city of Waupaca. Mr. Scott caused an inventory and appraisal of the real estate located in Waupaca county to be filed with the county court of said county. On July 10, 1937, Mr. Scott, as administrator with the will annexed, filed a petition in the county court of Waupaca county in which ancillary probate was being had, asking for a construction of the will of Mr. Hebblewhite. After due hearing, and on October 15, 1937, the court entered the following order and judgment construing the terms of said will as follows:

"That the provisions of paragraph one of the will of Earl T. Hebblewhite, deceased, as here stated, to wit:

" 'Being of sound mind on this date (June 19, 1936) and starting on a trip east, I wish in the case of my death for my

entire estate, with the exception of $100 to go to my ex-wife, Tracy S. Hebblewhite. Said party to be executrix without bond. Said party will have entire use of said estate but cannot sell any of business property until such time as she marries again. Said estate then to be divided equally between my three cousins, Walter, Clement and Jeanette Hebblewhite.'

"Properly construed to express the intention of the testator as gathered from the whole will and the surrounding circumstances hereby is construed to have the force and effect, that, it was the intention of the testator to give Tracy S. Hebblewhite, his ex-wife, a life estate in his real property, which life estate is subject to termination upon the remarriage of Tracy S. Hebblewhite, and that upon her remarriage or death, the remainder in fee to the three cousins named in the will, to wit: Walter, Clement and Jeanette Hebblewhite."

The appellant contends, first, that the county court of Waupaca county had no jurisdiction to construe the will, and erred in assuming such jurisdiction; second, that the court erred in its construction of the will, in determining that the appellant obtained only a life estate in the real estate located in Waupaca county, and that upon her remarriage or death said real estate passed to the cousins named in the will; and, third, that the court erred in refusing to permit evidence to be admitted as to the relation existing between deceased and his former wife at the time of making the will.

The applicable sections of the Wisconsin statutes are as follows:

Sec. 238.07 provides that:

"A last will and testament executed without this state in the mode prescribed by the law either of the place where executed or of the testator's domicile shall be deemed to be legally executed and shall be of the same force and effect as if executed in the mode prescribed by the laws of the state; provided, said last will and testament is in writing and subscribed by the testator. . . ."

No contention is made here that the will was not executed in the mode prescribed by the laws of California.

Sec. 238.19, Wis. Stats., provides:

"When a will devising lands in this state, or any interest therein, shall have been duly proved and allowed in the proper court of any other of the United States or the territories thereof a copy of such will and of the probate thereof, duly authenticated, may be recorded in the office of the register of deeds of any county in which any such lands are situated, and when so recorded, and all such as may have heretofore been so recorded, shall be as valid and effectual to pass the title to such lands as if such will had been duly proved and allowed by the proper court in this state. . . ."

Sec. 310.07, Wis. Stats., provides:

"Any will admitted to probate without this state and in the place of the testator's domicile may be admitted to probate and recorded in this state. When a copy of any such will and the judgment admitting it to probate duly authenticated, shall be produced by the executor or other person interested therein to the county court, such court shall appoint a time and place of hearing, and cause notice thereof to be given as required by section 310.04. If on the hearing it shall appear to the court that the order or decree admitting such will to probate was made by a court of competent jurisdiction and is still in force, the copy and the probate thereof shall be filed and recorded, and the will shall have the same force and effect as if it had been originally proved and allowed in this state and the subsequent proceedings may be the same."

Sec. 310.08, Wis. Stats., provides:

"Where a decedent died domiciled in another state and the will of said decedent disposes of real estate in this state, any county court of a county in which any of such real estate is located, may admit said will to probate. Notice to creditors and to public administrator and state tax commission shall be given as in the case of wills of decedents domiciled in Wisconsin at the time of death and an executor or administrator may be appointed."

In *Ford v. Ford,* 70 Wis. 19, 44, 33 N. W. 188, the court said:

"The validity of every devise or disposition of real estate by will must be governed by the law of the place where the land is situated, and this includes not only the form and mode of the execution of the will, but also the lawful power and authority of the testator to make such disposition. Story, Confl. Laws, § 474, and note; 2 Greenl. Ev. § 670; 1 Redf. Wills, p. 398, subd. 8; *Robertson v. Pickrell,* 109 U. S. 608; *White v. Howard,* 46 N. Y. 144. . . ."

The appellant contends that by statute and subsequent decisions the rule stated in *Ford v. Ford, supra,* has been overruled, and cites *Gailey v. Brown,* 169 Wis. 444, 449, 450, 171 N. W. 945; *In re Gertsen's Will,* 127 Wis. 602, 106 N. W. 1096, in support of such contention. In *Gailey v. Brown, supra,* the court refers to sec. 2295, Stats. (now sec. 238.19, above quoted). After quoting the statute, at page 449, the court continues:

"The effect of these statutes is to make the decrees of the courts of testator's domicile conclusive as to the existence and validity of a will and to give to such decrees the same effect as if rendered by the courts of this state."

In this case, the testator being a resident of the state of Illinois, his subsequent marriage, under the Illinois law, revoked the will. This court said:

"The determination of these questions legally and necessarily includes the inquiries by such foreign courts whether or not testator made a valid will and, if so, whether it had been legally revoked before his death; and such judgment of the courts in sister states is to be accepted here as fixing the status of the instrument propounded as a will and under these statutes has the same effect as if the original proceeding has been had in the court of this state. It is considered that it results from this statutory modification of the common law that the question whether or not a purported will has been revoked is necessarily an inquiry in such foreign

probate proceeding and is committed to the court of testator's domicile for determination under the law of his residence."

Neither case supports appellant's contention. Both involve the question of admission or denial of probate. They do not involve a question of construction. The appellant relies upon the case of *Van Steenwyck v. Washburn,* 59 Wis. 483, 510, 17 N. W. 289, wherein the court said:

"It is generally agreed by writers on the subject, and the rule has frequently been acted on by the courts, that the interpretation and construction of the will belongs to the tribunal of the domicile of the testator. . . . It is also true that the administration in the state of the domicile is deemed the principal or primary administration,—the one which can make the final decree for the settlement and distribution of the estate. If administration is granted in another state, it is treated as in its nature ancillary merely, and, is generally held subordinate to the principal administration."

However, the latter part of the foregoing, found at page 511, reads:

"But real estate is governed by the *lex loci,* and questions in respect to it properly belong to the jurisdiction where it is situated. There may be exceptions to this rule, as the counsel for the executors claim. But suffice it to say, we shall not attempt to define the rights of Mrs. Washburn in real estate in other states."

In this case, the deceased was a resident of La Crosse, Wisconsin, and owned lands in several states, including Wisconsin. His will was admitted to probate both in Wisconsin and Minnesota. The executors brought the action in the circuit court for La Crosse county for a construction of the will. In connection with the construction of the will, the court had to consider the effect of an election made on behalf of the widow. In that connection, the court said, page 510:

"Of course, the personal property will be governed by the law of the domicile, so that the election which has been made

will dispose of all questions relating to the personal estate and the real estate situated in this state. How this election may or should affect the rights of the widow in real property in other states, is a point upon which we decline to express an opinion, although the executors ask us to decide the question here. But it seems to us that the decision of that question may properly be left to the tribunals of the state where such real estate is situated."

The appellant cites *Will of Harker,* 172 Wis. 99, 178 N. W. 246; *Estate of Hanreddy,* 176 Wis. 570, 186 N. W. 744, and *Will of Eaton,* 186 Wis. 124, 202 N. W. 309, to the proposition that the jurisdiction for the construction of Mr. Hebblewhite's will was for the court of his domicile rather than for the court of ancillary jurisdiction. In the *Harker Will Case,* the deceased, at the time of his death, was a resident of Illinois. His will was there admitted to probate. The will created a trust and named trustees who duly qualified and accepted the trust. The inventory showed certain real estate located in North Dakota and in La Fayette county, Wisconsin. The trustees were authorized and directed to sell the real estate included in the trust, and to convert the same into cash at any time they deemed it necessary or expedient in carrying out the trust. It appears that ancillary proceedings were begun in the county court of La Fayette county and an administrator with the will annexed was appointed and qualified. Appraisers were appointed but no inventory was returned or filed in the county court of La Fayette county. It further appears that in the domiciliary administration proceedings in the county court of Jo Daviess county, Illinois, the La Fayette county lands and the North Dakota lands had been sold by the trustees prior to the time application was made for the construction of the will in La Fayette county. Thereafter, an inventory was made of the one hundred and sixty acres of land located in La Fayette county which had been sold by the trustees, and the county

court entered an order construing the will. From the petition it appeared that there was property within the state and claims against the estate in favor of Wisconsin creditors. The court said (p. 101):

"No doubt the court had under the statute the power to admit the will to probate. From the petition it appeared that there was property within the state and claims against the estate in favor of Wisconsin creditors. But having admitted the will to probate, the authority of the court in the premises was limited to the administration of that part of the estate necessary to satisfy the claims of Wisconsin creditors. It appearing that there were no creditors, the court had no further duties to perform in the premises, and its further act in attempting to construe the will and define the duties of the trustees was nugatory and erroneous. *Van Steenwyck v. Washburn,* 59 Wis. 483, 17 N. W. 289; *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188; *Emery v. Batchelder,* 132 Mass. 452; *Welch v. Adams,* 152 Mass. 74, 25 N. E. 34, 9 L. R. A. 244.

"The duties of the trustees are to be defined by the court of domiciliary administration, and the administration and control of the estates and the trustees under the will is vested in the court of domiciliary administration. *The order, therefore, attempting to construe the will as regards the duties of the trustees is erroneous.*"

In this case, there was no question as to the passage of the title or as to the validity of the disposition of the real estate. Under the terms of the will, title to the real estate passed to the trustees, and they were authorized and directed to sell same and convert it into cash.

In the *Hanreddy Will Case,* a distribution of the assets was involved, not a construction of the will. However, the statement is made (p. 575):

"That the domicile is the primary jurisdiction has been recognized here (*Price v. Mace,* 47 Wis. 23, 27, 1 N. W. 336), the construction of the will being for the domicile

rather than for the court of ancillary jurisdiction.. *Will of Harker,* 172 Wis. 99, 102, 178 N. W. 246, and cases cited."

The reference to the question of jurisdiction for construction of the will, which was not involved, is merely *dicta,* and it should be noted that in *Will of Harker, supra,* the cases of *Ford v. Ford, supra,* and *Van Steenwyck v. Washburn, supra,* are cited as authority for the conclusion there reached.

*Will of Eaton, supra,* does not involve the question of construction. It relates to the matter of the widow's allowance, which this court held was for the domiciliary court.

In Restatement, Conflict of Laws, p. 333, § 249, it is said:

"The validity and effect of a will of an interest in land are determined by the law of the state where the land is."

In 2 Beale, Conflict of Laws, p. 970, § 249.2, the rule is thus stated:

"The nature of a devise being an individual grant of land, it operates quite independently of the same will as a will of personalty. The latter operates according to the law which governs the descent of personalty; but the will can effectuate a devise only by the law of the state of situs of the land, which is applicable to any conveyance of the land. It follows that the probate of a will in one state has no bearing on its validity as a will of land in another state, nor can an exemplification of the foreign probate bind a court of the state of situs to give effect to the will. *An interpretation of the will by the courts of another state, therefore, need not be followed.* And a foreign court will not give a declaratory judgment as to rights under the will." *Clarke v. Clarke,* 178 U. S. 186, 20 Sup. Ct. 873, 44 L. Ed. 1028; *Folsom v. Ohio State University,* 210 Ill. 404, 71 N. E. 384; *Prall v. Prall,* 56 App. D. C. 333, 13 Fed. (2d) 305.

To the same effect see 11 Am. Jur. pp. 328–330, 477, 481; 69 C. J. p. 865; 5 R. C. L. p. 1025.

Upon the foregoing authorities, we must hold that the county court of Waupaca county in the ancillary proceedings

had jurisdiction and authority to construe the will as it affected the real estate located in that county. We have carefully considered the construction as made by the county court. It· will serve no useful purpose to review our former decisions. The instant will in many respects is quite similar to the *Will of Ritchie,* 190 Wis. 116, 208 N. W. 880, and the *Will of Richter,* 215 Wis. 108, 254 N. W. 103. We think it clear that it was the intention of.the testator to give his ex-wife a life estate in his real property subject to termination upon her remarriage, and that upon her remarriage or death the remainder in fee to the three cousins named in the will. The will was so construed by the county court.

*By the Court.*—The order and judgment of the county court are affirmed.