Estate of Diederichs: Diederichs (Clara), Appellant, vs. Diederichs (Lillian), Administratrix, Respondent.

*June 7—July 12, 1949.*

For the appellant there was a brief by *Dougherty, Arnold & Waters* of Milwaukee, and oral argument by *Suel O. Arnold*. *Herman A. Mosher* of Milwaukee, for the respondent.

HUGHES, J.    Counsel for appellant cite many of this court's decisions which hold the county courts of Wisconsin to have broad powers in probate proceedings, and quote from DIXON, C. J., in *Brook v. Chappell* (1874), 34 Wis. 405, 410:

"We do not suppose the county court, sitting in probate, is limited to granting or refusing the precise relief asked on such

application, but are of opinion that, acting within its jurisdiction, it may, especially where the parties opposed in interest are present or are represented, grant any relief consistent with the facts proved or admitted and which the justice of the case demands."

There is no question that county courts have broad powers when acting within their probate jurisdiction. The crux of the question presented by this appeal is: Has the county court of Ozaukee county jurisdiction?

Counsel for appellant also cite numerous cases to the effect that it is the duty of the administrator in the ancillary state to collect assets within his jurisdiction and pay claims filed there and remit the balance to the administrator in the state of domicile; also, that it is generally the duty of the administrator in the state of domicile to see that the ancillary administrator performs his duties. Obviously, those cases refer to assets of personal property.

It would be impossible for the court to grant the relief which appellant seeks if it were disposed to. Assume that Lillian Diederichs conveyed the Michigan real estate to herself as administratrix. The county court could at best enter an order directing the property to be sold to pay claims filed in Wisconsin. The validity of the administratrix's deed would of necessity be for the Michigan courts to pass upon. The Wisconsin court, having no control over the real estate, cannot make that approach.

Appellant contends that it is well-established law that where assets in an estate are not sufficient to discharge the obligations, the assets in one state will be applied equally among all creditors. *Estate of Hanreddy* (1922), 176 Wis. 570, 186 N. W. 744. We are unable to see how this rule aids appellant's position.

Assets are applied equally only between those creditors of the estate who file claims in the court having jurisdiction. Appellant had full knowledge of the ancillary proceedings in

Michigan and of the time allowed for filing claims in such proceedings.

Counsel cite Anno. 81 A. L. R. 671:

"Generally speaking, to permit the domiciliary creditors to subject to sale, or share in the proceeds of, lands in another state, it is not necessary that their claims be proved and allowed by the local courts, but proof and allowance of such claims in the courts of the domiciliary jurisdiction are sufficient, and will be recognized by the local courts as evidence of the indebtedness of the estate, and binding on the heirs."

It appears that the claims must be called to the attention of the court having jurisdiction over the property sought to be subjected to the debt.

"It has been held, and it seems properly, that the *court of ancillary administration* will order the sale of local real estate where the assets of the estate at the domicile are insufficient to pay claims against the estate proved in the domiciliary administration but not proved in the ancillary administration." 3 Beale, Conflict of Laws, p. 1517, sec. 489.1. (Italics ours.)

The Illinois court, in dealing with an ancillary administration, upon application that the proceeds of the sale of real estate ordered sold in Illinois be transfered to California, the domicile state, for satisfaction of claims filed there, denied the petition. Referring to the doctrine that a surplus in the hands of an ancillary administrator should be remitted to the domicile, the court said that this doctrine,

". . . has reference to personalty or money, and to the proceeds of the sale of personalty. . . . We cannot agree with the contention, that the proceeds of the sale of the land made in the partition proceeding were by such sale converted into personalty, so that they can be ordered to be distributed among foreign creditors of the estate, whose claims have not been allowed in Illinois. The real estate sold is located in Illinois. Nothing is better settled than that the law of the place, where real and immovable property is situated, exclusively governs in respect to the rights of the parties, and the

modes of transfer and distribution." *Smith v. Smith* (1898), 174 Ill. 52, 58, 50 N. E. 1083.

The county court correctly held that it had no jurisdiction over Lillian E. Diederichs individually nor over the real estate, and was therefore without jurisdiction over the subject matter of appellant's motion.

*By the Court.*—Order affirmed.